**Leroy Lester ARNDT, Appellant,**

v.

**Shirley ARNDT, Appellee.**

No. A14–86–028–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 20, 1986.

Richard T. Nuffer, Brenham, for appellant.

Jamie J. Elick, Shirley Jalowy, Bellville, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

PER CURIAM.

This is an appeal from the dismissal of a bill of review signed October 7, 1985. On November 5, 1985, appellant tendered his motion for new trial to the district clerk of Austin County. On the motion is the following handwritten notation: "11/5/85 Called for $15.00 on mot. for N.T. Don't file to [sic] you receive the deposit. L.C." (L.C. is presumably Lori Coody, district clerk of Austin County.) On November 8, 1985, a cover letter indicating an enclosure of a $15 check was received by the clerk and the motion for new trial was file-stamped, two days after it was due. TEX.R.CIV.P. 329b.

On January 2, 1986, an appeal bond was filed, 87 days after the judgment was signed. The bond was clearly timely if the motion for new trial was timely and clearly untimely if the motion for new trial was not timely. TEX.R.CIV.P. 356.

On February 12, 1986, appellee filed a motion to dismiss the appeal for want of jurisdiction, arguing the appeal bond was late because the motion for new trial was not timely filed. In his response, appellant argues his motion for new trial was timely because it was tendered to the district clerk timely.

■ The longstanding rule in Texas is that documents are filed with the district clerk when tendered. *E.g., Hanover Fire Ins. Co. v. Shrader,* 33 S.W. 112 (Tex.1895); *Beal v. Alexander,* 6 Tex. 532 (Tex.1838); *Plummer v. Roberson,* 666 S.W.2d 656 (Tex.App.—Austin 1984, writ ref'd n.r.e.). The purpose of the rule is to protect a diligent party from being penalized by the error or omission of a court clerk. *Standard Fire Ins. Co. v. La Coke,* 585 S.W.2d 678 (Tex.1979).

We have discovered no case involving the failure or refusal of a clerk to file a document because fees were not tendered. One case does qualify the rule in that respect, however. In *Civil Service Commission of Lufkin v. Crager,* the court noted a document was filed when tendered "in the absence of some statute providing that fees be paid or some other thing done [sic] or performed before filing." 384 S.W.2d 381, 383 (Tex.Civ.App.—Beaumont 1964, writ ref'd n.r.e.).

The statute governing fees for filing, art. 3927, was amended June 3, 1985, effective September 1, 1985. On June 13, 1985, the legislature enacted § 51.317 of the Government Code, replacing and repealing art. 3927, effective September 1, 1985. The saving provision of the Government Code, § 311.031, provides, however, that "the repeal of a statute by a code does not affect an amendment ..., of the statute by the same legislature that enacted the code. The amendment ... is preserved and given

effect as part of the code provision that revised the statute so amended...."

Section 51.317 provides "[t]he district *clerk shall collect at the time the suit or action is filed the fees* provided by Subsection (b) of the section for services performed by the clerk. ... (b) The fees are ... motion for new trial ... $15." Art. 3927, as amended, reads, in relevant portions, as follows: "The *clerks* of the district courts *shall receive the following fees* for their services: (1) *the fees shall be due and payable,* and *shall be paid at the time the suit or action is filed* ... motion for new trial ... $15." Art. 3927 has had that same wording since 1969.

It is apparently the attempted change from the passive to active voice in the statute—from "shall receive ... the fees ... [which] shall be paid" to "shall collect ... the fees"—that has led to the practice in at least one district of refusing to filestamp documents until fees are tendered.

We note, however, the time limit when fees are due is unchanged. They are due "at the time the suit or action is filed," a phrase not particularly meaningful to a motion for new trial. While we firmly believe fees due to a clerk should be paid promptly, we nonetheless are reluctant to change a long-standing rule without a clearly worded statute, unhampered by a preserved amendment, mandating such a change. We, accordingly, decline to do so, even though the legislature by its enactment of § 51.317 may have intended to assist court clerks in the sometimes onerous task of fee collection.

Although we adhere to the rule that a document is filed when tendered, we do not imply that a document unaccompanied by the required fee need be accorded legitimacy until the fee is collected. *See* Op.Tex. Att'y Gen. No. S–42 (1953).

■ A motion for new trial is filed when tendered and should be filestamped by the clerk. The motion, however, will not act to extend the appellate timetables if the required $15 fee is not paid before the motion is heard or before it is overruled.

In this case, the fee was paid three days after the motion for new trial was tendered. No action had been taken on the motion. Under the rule we have enunciated, it was timely for purposes of extending the appellate timetable and the appeal was thus timely perfected.

The motion to dismiss is denied.