United States Court of Appeals,

Fifth Circuit.

No. 94-20067

Summary Calendar.

Nancy E. HECKER and John Hecker, Plaintiffs-Appellants,

v.

WAL-MART STORES, INC., Defendant-Appellee.

Oct. 4, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Nancy Hecker challenges the district court's dismissal of her suit as time-barred.  We reverse and remand.

BACKGROUND

Hecker filed suit in Texas state court complaining that on July 8, 1991, Wal-Mart's negligence caused her to slip and fall in the Wal-Mart store and suffer personal injuries.  Hecker mailed her complaint to the state court clerk's office on or about July 1, 1993.  On July 7, the clerk's office informed her that the check enclosed for the filing fee was insufficient and that an additional $20 was required.  On July 9, one day after the applicable two-year statute of limitations had run, the clerk's office received the additional amount and marked the complaint filed.  About a month later, Wal-Mart removed the case to federal court and moved to dismiss it as time-barred.  The district court granted the motion.  This appeal followed.

1

DISCUSSION

It is undisputed that the applicable Texas statute of limitations required that Hecker file her personal injury suit with the state clerk by July 8, 1993. V.T.C.A. Civ.Prac. & Rem.Code § 16.003 (person must bring personal injury claim not later than two years after the day the cause of action accrues); Texas Rules Civ.Proc., Rule 22 (suit is commenced by filing petition in the office of the clerk). The question before us is whether tendering documents without the proper filing fees constitutes filing. Texas case law provides a clear answer.

The longstanding rule in Texas is that "an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing." *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (1979); *see also Arndt v. Arndt,* 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ) (per curiam). Furthermore, an instrument is deemed filed even if it is tendered without the appropriate filing fee. *Arndt,* 709 S.W.2d at 282 (examining language in statute governing filing fees and holding that paying fees is not a condition precedent to filing); *see also Port Distrib. Corp. v. Fritz Chem. Co.,* 775 S.W.2d 669, 670 (Tex.App.—Dallas 1989, writ dism'd by agr.) (noting that clerk's refusal to file-stamp a document because filing fee was not attached was improper). In light of this clear precedent, we must conclude that Hecker's suit was filed when received by the clerk

2

and thus timely.

## CONCLUSION

The district court's dismissal of Hecker's complaint is REVERSED and this matter is REMANDED.