Topsy **SPELLMAN** and Richard
M. Spellman, Appellants,

v.

Hung Duy **HOANG**; Minh Dinh; &
The Standard Fire Insurance
Company, Appellees.

No. 04–94–00029–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 12, 1994.

John Griffin, Jr., Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, Oscar H. Villarreal, Villarreal, Moreno & Ruiz, San Antonio, for appellants.

Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Marsha M. Nichols, Terriann Trostle, Lana S. Shadwick, Fulbright & Jaworski, L.L.P., Houston, for appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION ON APPELLEES' MOTIONS TO DISMISS

PER CURIAM.

■ The preliminary issue in this case is whether a motion for new trial, which is timely tendered and file-stamped by the district clerk, acts to extend the appellate timetable when the statutory filing fee is not timely paid. We hold that it does.

Judgment in the present case was signed on September 15, 1993. A motion for new trial was due to be filed no later than October 15, 1993. *See* TEX.R.CIV.P. 329b(a). Appellants' motion for new trial was tendered and file-stamped on October 7, 1993. The motion was heard and denied on October 21, 1993.

Appellants concede that they did not pay the statutory filing fee of fifteen dollars at the time the motion was sent to the district clerk. *See* TEX.GOV'T CODE ANN. 51.317 (Vernon 1988). In fact, the filing fee was not paid until approximately May 4, 1994, after the deficiency was brought to appellants' attention by appellees Minh Dinh and Hung Duy Hoang's motion to dismiss the appeal. Appellee The Standard Fire Insurance Company has also now filed a motion to dismiss the appeal, and the motions to dismiss will hereafter be referenced as one. All appellees urge that this court lacks jurisdiction because the motion for new trial, in the absence of payment of the statutory filing fee, did not extend the appellate timetable.

■ Appellants' cost bond was filed on November 16, 1993. If the motion for new trial properly extended the appellate timetable, the cost bond was due on December 14, 1993, and this filing was clearly timely. If, however, the appellate timetable was not extended, the cost bond was due on October 15, 1993, and the filing was not timely. If the cost bond was not timely filed, this court lacks jurisdiction over the appeal. *See Davies v. Massey,* 561 S.W.2d 799, 801 (Tex. 1978) (orig. proceeding); *Wadkins v. Diversified Contractors,* 714 S.W.2d 136, 137 (Tex. App.—Houston [1st Dist.] 1986, no writ); TEX.R.APP.P. 40(a), 41(a).

The rules of civil procedure require that a motion for new trial be filed within thirty days after the judgment or other order complained of is signed. *See* TEX.R.CIV.P. 329b(a). The rules of appellate procedure extend the time for perfecting an appeal when "a timely motion for new trial has been filed by any party." *See* TEX.R.APP.P. 40(a)(1). Neither set of rules, however, defines "filed." The supreme court has dictated that the rules be construed "reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993). Thus, the court has consistently held that "a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Id.* at 319.

One court of appeals has addressed the effect of late payment of the filing fee for a motion for new trial. Appellant in *Arndt v. Arndt,* 709 S.W.2d 281 (Tex.App.—Houston [14th Dist.] 1986, no writ), timely tendered his motion for new trial to the district clerk. The clerk refused to file-stamp it until the filing fee was paid. That fee was paid two days after the motion for new trial was due. The Fourteenth Court held that the motion for new trial was filed when it was tendered, even though the fee had not been paid at that time. The court then stated that a motion for new trial "will not act to extend the appellate timetables if the required $15 fee is not paid before the motion is heard or before it is overruled." *Arndt,* 709 S.W.2d at 282. This statement was broader than necessary under the facts of the case and is dicta.

After *Arndt,* the supreme court addressed the issue of late payment of a motion for new trial filing fee. In *Jamar v. Patterson,* the court specifically held that a motion for new trial is *conditionally* filed when it is tendered to the clerk in the absence of the statutory filing fee. *Id.* The filing is completed when the fee is paid, but the original date of tender controls for appellate purposes. *Id.* The supreme court noted that "[t]he filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider it before then." *Id.* at 319 n. 3.

**482**

We read *Jamar* as acknowledging two effects to filing a motion for new trial: (1) presenting the motion to the trial court in order to secure a ruling; and (2) extending the appellate timetable. Under *Jamar*, failure to pay the filing fee before the expiration of the trial court's plenary jurisdiction may preclude that court from considering and ruling on the motion for new trial. *See Jamar*, 868 S.W.2d at 319 n. 3. Even late payment of the filing fee, however, will retroactively complete the filing as of the date of tender in order to extend the appellate timetable. The date of tender "controls *for appellate purposes.*" *Jamar*, 868 S.W.2d at 319 (emphasis added).

In the present case, the trial court held a hearing and issued a ruling on appellants' motion for new trial before the filing fee was paid. There is no contention in this case that any emergency or other rare circumstance existed for considering the motion before its filing was complete. *See Jamar*, 868 S.W.2d at 319 n. 3. It appears that the hearing and ruling of the trial court may have been of no effect, but we need not determine that issue at this time. It is the second effect of filing a motion for new trial that is before us—extension of the appellate timetable.

Appellants timely tendered their motion for new trial on or about October 7, 1993. The motion was conditionally filed at that time. Payment of the filing fee on May 4, 1994 retroactively completed that filing as of the date of tender. The completed filing then operated to extend the appellate timetable. The cost bond filed on November 16, 1994 was timely and the jurisdiction of this court was properly invoked.

It is therefore ordered that appellees' motions to dismiss for lack of jurisdiction are denied.