**Douglas Wayne KVANVIG, Relator,**

v.

**The Honorable Everardo GARCIA, Judge, County Court at Law No. 1 of Cameron County, Texas, Respondent.**

No. 13–96–240–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1996.

Rehearing Overruled Aug. 29, 1996.

Carlos Enrique Hernandez, Sweetman & Wise, Harlingen, for relator.

Everardo Garcia, Brownsville, pro se.

Andrew C. Schirrmeister, III, Zummo & Schirrmeister, Richard H. Kaplowitz, Houston, for real parties in interest.

Before SEERDEN, C.J., and HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

By the present original proceeding, relator, Douglas Kvanvig, challenges the trial court's authority to grant a motion for new trial before the filing fee for such motion had been paid.[1] We deny mandamus relief.

1. We granted relator's motion for leave to file a petition for writ of mandamus on this issue. On the day before oral argument, relator filed a "Reply to Real Party in Interest's Response to Writ of Mandamus" in which he raised, as a new and independent ground, his prior objection to respondent sitting as the assigned judge in the underlying case. Because we did not grant relator leave to file this additional ground for mandamus relief, we refuse to consider it.

Rebecca Martinez, the real party in interest, sued Kvanvig for personal injuries arising out of an automobile collision. On January 24, 1996, the trial court entered judgment for Kvanvig in accordance with a jury verdict in his favor. Martinez filed a motion for new trial on February 9, 1996, but did not then tender the statutorily required $15 filing fee to the district clerk. *See* Tex. Gov't Code Ann. § 51.317(b)(2) (Vernon Supp.1996). The district clerk, however, filed the motion without payment of the fee. Kvanvig responded to the motion for new trial on March 5, 1996, but did not raise any objection to Martinez's failure to pay the filing fee. The trial court granted the motion for new trial by order signed on March 6, 1996, some 42 days after the final judgment was signed.

Kvanvig filed the present original proceeding in this Court on May 28, 1996, complaining that Martinez's failure to pay the filing fee deprived the trial court of jurisdiction to consider the motion for new trial or to alter its judgment more than 30 days after it was signed. Martinez has responded to the mandamus proceeding, contending that she has now tendered the $15.00 filing fee to the district clerk as of May 31, 1996, and that this cures any prior failure to pay such fee.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

■ In particular, trial courts have always had broad discretion to grant a new trial. *Johnson*, 700 S.W.2d at 918; *Kolfeldt by Anderson v. Thoma*, 822 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). Accordingly, mandamus relief is generally not available to vacate an order granting a new trial, with the following two exceptions: (1) where the trial court rules after its jurisdiction expires, and (2) where a new trial is granted because of a perceived conflict in the jury verdict. *Johnson*, 700

S.W.2d at 918; *Kolfeldt*, 822 S.W.2d at 368; *Missouri Pacific R. Co. v. Whitaker*, 815 S.W.2d 348, 349 (Tex.App.—Tyler 1991, orig. proceeding).

■ As there is no indication of a perceived conflict in the jury verdict, the issue in the present mandamus proceeding is whether the trial court had jurisdiction to grant a new trial before the filing fee on the motion for new trial had been paid. Although the Texas Supreme Court, our court, and two other courts of appeals have addressed the effect of failure to pay the filing fee for a motion for new trial on the appellate time tables, we are aware of no other cases directly addressing its effect on the trial court's jurisdiction to consider and grant the underlying motion for new trial.

In *Arndt v. Arndt*, 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ), the Houston Fourteenth Court of Appeals concluded that a timely-filed motion for new trial will not act to extend the appellate timetables if the required fee is not paid before the motion is heard or overruled. In *Jamar v. Patterson*, 868 S.W.2d 318 (Tex. 1993), the Texas Supreme Court addressed a similar question involving a timely-filed motion, but a late payment of the filing fee some 45 days after the judgment was signed. *Jamar* relied upon the filing date of the motion as controlling for appellate purposes, following a long line of cases which hold that a document is "filed" when tendered to the clerk. *See Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990). Nevertheless, *Jamar* referred to the tender of a motion for new trial without payment of the filing fee as a "conditional filing" which must later be "completed" by paying the fee. *Jamar*, 868 S.W.2d at 319. By a footnote, the *Jamar* Court further suggested that "[t]he filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider it before then." *Id.* at 319 n. 3.

In *Ramirez v. Get "N" Go No. 103*, 888 S.W.2d 29 (Tex.App.—Corpus Christi 1994, no writ), we addressed a situation, similar to the present case, where the filing fee had not been paid until almost a year after the judg-

ment was signed, long after the trial court lost jurisdiction over the motion for new trial. This Court interpreted the "conditional" nature of the filing described by *Jamar* as a matter which does not prevent appellate deadlines from being automatically extended upon tender and filing of the motion, but which might affect the trial court's discretion to hear and determine the motion. *Ramirez,* 888 S.W.2d at 31. We concluded that the failure to pay filing fees before the trial court acts upon the motion may amount to a waiver of the specific grounds raised in the motion for new trial, but that it does not retroactively invalidate the filing of that motion for purposes of the appellate deadlines and appellate court jurisdiction. *Id.*

Finally, the San Antonio Court of Appeals in *Spellman v. Hoang,* 887 S.W.2d 480, 482 (Tex.App.—San Antonio 1994, no writ), similarly concluded that failure to pay the filing fee before expiration of the trial court's plenary jurisdiction did not prevent the appellate timetable from being retroactively extended by the timely-filed motion for new trial. However, the *Spellman* Court speculated that *Jamar* may "preclude" the trial court from considering and ruling on the motion for new trial before the filing fee is paid, and that any such hearing or ruling before payment of the filing fee, absent emergency or rare circumstance, might be "of no effect." *Spellman,* 887 S.W.2d at 482.

We are now confronted with the very situation hinted at in *Jamar, Ramirez,* and *Spellman,* where the trial court did hear and grant a motion for new trial before the filing fee was paid. Nevertheless, regardless of dicta in prior opinions which might be interpreted to suggest a lack of authority or jurisdiction in the trial court to consider the motion, we reject any jurisdictional impediment to the trial court's consideration of the motion before the filing fee is paid.

Rather, we interpret the Texas Supreme Court's suggestion that the trial court "should not" act on a motion for new trial before the filing fee is paid more as instructive than as a curbing of the trial court's jurisdiction or authority. Upon a sufficient showing of nonpayment, the trial court has discretion to refuse to act upon a motion for new trial until the filing fee is paid. Nevertheless, though it may have no obligation until the fee is paid, we conclude that the trial court in its discretion may consider and rule upon a motion for new trial from the time that it is tendered to the clerk and "conditionally filed."

We further note that the payment of filing fees in other contexts is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case. *See Tanner v. Axelrad,* 680 S.W.2d 851, 853 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd) (failure to pay fee for filing original cause of action in justice court); *Advance Imports, Inc. v. Gibson Products Co.,* 533 S.W.2d 168, 169–70 (Tex.Civ.App.—Dallas 1976, no writ) (failure to pay fee for filing appeal from justice court to county court).

Because we hold that the trial court in the present case had the jurisdiction and authority to consider and rule upon the motion for new trial, we conclude that mandamus is not available to challenge his granting of that motion.

Accordingly, we deny mandamus relief.