Opinion issued August 17, 2007




 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00189-CV






S.E.A. LEASING, INC., Appellant


V.


JEFF STEELE AND MELISSA STEELE, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2000-14641




OPINION DISSENTING FROM THE DENIAL OF EN BANC
RECONSIDERATION


 I respectfully dissent from denial of en banc reconsideration. The panel
opinion in this case adds new and unprecedented hurdles to appellants' preservation
of legal sufficiency points of error. In so doing, it contravenes the objective of Texas
Rule of Civil Procedure 1, namely "to obtain a just, fair, equitable and impartial
adjudication of the rights of litigants under established principles of substantive law,"
to which end the rules "shall be given a liberal construction." Tex. R. Civ. P. 1. En
banc reconsideration is, in my view, justified to maintain the uniformity of this
Court's interpretation of the rules of civil and appellate procedure with established
precedent on the important issue of preservation of legal error and its conformity with
the mandate of Rule 1. See Tex. R. App. P. 41.2(c). (1)

Preservation Issues

 Appellant, S.E.A. Leasing, Inc., argues in its first and second issues on appeal
that the trial court erred in failing to grant its motions for summary judgment and for
new trial on limitations grounds because (1) the Steeles' misidentification of the
proper party defendant did not toll the limitations period, since there was no evidence
of fraudulent concealment, and (2) S.E.A. Leasing's absence from the state as a
foreign corporation did not defer accrual of the cause of action against it. In its third
issue, S.E.A. Leasing argues that the trial court erred by admitting the expert-witness
testimony of Emil Shebelbon over its objection because "[the Steeles] failed to put
forth any evidence to meet their burden of showing that Shebelbon's opinion was
based on sufficiently objective foundation or reliable methodology to constitute legal
evidence." In its fourth issue, S.E.A. Leasing argues that Shelbebon's expert
testimony was non-probative and thus there was legally insufficient evidence of an
unreasonably dangerous condition on its land. 

 The panel holds that S.E.A. Leasing failed to preserve any of these issues for
appellate review. Specifically, it holds that (1) because appellant, S.E.A. Leasing,
failed to pay the filing fee on its motion for new trial, it failed to preserve for appeal
both its statute-of-limitations argument and its argument that the evidence was legally
insufficient to show that a dangerous condition existed on its premises; (2) in any
event, S.E.A. Leasing's motion for new trial failed to preserve its statute-of-limitations point of error because its arguments on that point in its motion for new
trial differed from its arguments on appeal; and (3) S.E.A. Leasing failed to preserve
its objections to the admissibility and legal competency of the expert testimony relied
on by appellees Jeff Steele and Melissa Steele (the Steeles) and the legal sufficiency
of that testimony to prove the unreasonable danger element of their premises liability
claim. Because, in the panel's view, no error was preserved, the panel affirms the
trial court's judgment.

 In my view, the panel opinion is erroneous as to all three preservation issues. 
S.E.A. Leasing preserved and correctly asserted its statute-of-limitations challenge
to the trial court's judgment, its challenge to the admissibility and competency of the
expert testimony upon which the Steeles relied, and its challenge to the legal
sufficiency of the evidence to prove the unreasonable danger element of the Steeles'
premises liability claim. This appeal should have been decided on its merits.

Waiver Through Failure to Pay Filing Fee on Motion for New Trial

 S.E.A. Leasing raised its statute-of-limitations affirmative defense in its
pleadings and in a motion for summary judgment, which was denied. It then raised
the issue again in its motion for new trial, stating, "Plaintiff presents no legally
cognizable evidence to excuse or toll the expiration of the limitations period
controlling this action." It argued that the statute of limitations was not tolled
because the Steeles had offered no evidence at trial to support avoidance of
limitations under the discovery rule, fraudulent concealment, misidentification, or
S.E.A. Leasing's absence from the State. The trial court conducted an oral hearing
on S.E.A. Leasing's motion for new trial and overruled it. No objection was made
in the trial court to S.E.A. Leasing's failure to pay the filing fee for its motion; nor
was any objection made to that court's consideration of the motion. 

Failure to Pay Filing Fee on Motion for New Trial

 The panel holds that "an appellant's failure timely to pay the filing fee before
the trial court loses its plenary power does not preserve the appellant's complaint for
review on appeal." It rests its conclusion on the Texas Supreme Court's holding in
Garza v. Garcia, 137 S.W.3d 36, 38 (Tex. 2004) (quoting Jamar v. Patterson, 868
S.W.2d 318, 319 n.3 (Tex. 1993)). In my view, the panel misconstrues Garza and its
mandate regarding preservation of error when the filing fee on a motion for new trial
has not been paid.

 The panel opines, correctly, that to preserve its legal-sufficiency complaint,
S.E.A. Leasing had to raise it in (1) a motion for instructed verdict; (2) an objection
to the charge; (3) a motion for judgment notwithstanding the verdict; (4) a motion to
disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. See
Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991); Aero Energy, Inc. v. Circle C
Drilling Co., 699 S.W.2d 821, 822 (Tex. 1985). Nevertheless, the panel holds that
S.E.A. Leasing failed to preserve its statute-of-limitations complaint because that
complaint was raised only in a motion for new trial on which S.E.A. Leasing failed
to pay the filing fee. I would hold that S.E.A. Leasing's failure to pay the filing fee
on its motion for new trial did not cause it to lose its right to appeal its limitations
defense.

 In Garza, the supreme court considered whether a motion for new trial
extended the timetable for filing a notice of appeal even if--as here--the requisite
filing fee for the motion was never paid. 137 S.W.3d at 37. The court held that a fee-less motion was conditionally filed for purposes of the appellate timetable and,
therefore, it was effective to extend appellate deadlines. It did not hold that a motion
filed without the filing fee is not conditionally filed, as the panel opinion implies, and,
therefore, if the trial court loses its plenary power before the fee is paid the motion
is never filed and does not preserve error; it held the opposite. See id. at 37-38. 

 In Jamar v. Patterson, the supreme court had held that appellate deadlines are
extended by a fee paid before a motion for new trial is overruled. 868 S.W.2d 318, 
319 (Tex. 1993). In Garza, the supreme court extended that rule to cases in which
the fee is never paid at all. See 137 S.W.3d at 38 n.8 (citing Jamar, 868 S.W.2d at
319). The court stated:

 Although we have previously reserved ruling on a fee that was
never paid, we now extend the same rule [that a motion for new trial is
considered conditionally filed for purposes of the appellate timetable
when the fee is paid late but while the court retains plenary power] to
this situation for the same reasons. We construe the Rules of Appellate
Procedure liberally, so that decisions turn on substance rather than
procedural technicality; nothing in those rules requires a fee to
accompany a motion for new trial, or that such a fee be paid at all. . . . 
The alternative would breed uncertainty. . . .


Id. at 38 (emphasis added). The supreme court opinion was thus generally in accord
with (although more liberal than) this Court's prior holding in Finley v. J.C. Pace
Ltd., 4 S.W.3d 319, 321 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (holding,
prior to Garza, that timely tendered motion for new trial extends appellate timetable
regardless of when filing fee is paid; denying motion to dismiss appeal for failure of
appellant to pay statutory $15 filing fee for motion for new trial, but ordering fee paid
within 15 days of order to prevent dismissal for want of jurisdiction). 

 The Garza court added that filing fees are not irrelevant, even though motions
for new trial are deemed conditionally filed without them, because a trial court is not
required to review a motion for new trial if the filing fee is never paid. It did not
opine, however--as the panel opinion in this case would have it--that the trial court
is required not to review a motion for new trial if its plenary power expires before the
filing fee is paid. See Garza, 137 S.W.3d at 38. Nor did the supreme court hold that
a motion for new trial must be reviewed by the trial court to preserve error, as the
majority indicates; and, indeed, such a holding would contravene Rule of Civil
Procedure 329b and Rule of Appellate Procedure 33.1(b). See Tex. R. Civ. P.
329b(a), (e); Tex. R. App. P. 33.1(b) ("In a civil case, the overruling by operation of
law of a motion for new trial . . . preserves for appellate review a complaint properly
made in the motion . . . ."). In both Garza and its predecessor Jamar, the supreme
court took exactly the opposite approach to that for which the panel cites those cases
and rejected, rather than approved, the elevation of strict adherence to procedural
technicalities over the preservation of error. See Garza, 137 S.W.3d at 38; Jamar,
868 S.W.2d at 319. (2)

 The panel opinion is likewise inconsistent with prior case law from our sister
courts of appeals in holding that an appellant's failure to pay the filing fee for the
motion for new trial before the trial court loses plenary power "does not preserve the
appellant's complaint for review on appeal." See Weeks Marine, Inc. v. Salinas, 225
S.W.3d 311, 317 (Tex. App.--San Antonio 2007, pet. filed) (addressing merits of
appeal in which filing fee on motion for new trial was not timely paid, but in which
trial court held hearing on motion, thereby considering it); Kvanig v. Garcia, 928
S.W.2d 777, 779 (Tex. App.--Corpus Christi 1996, no writ) (holding that trial court
has discretion to consider and to rule on motion for new trial from time tendered to
clerk and conditionally filed and noting that "the payment of filing fees in other
contexts is not generally a prerequisite to jurisdiction, nor does the failure to pay such
fees deprive the trial court of jurisdiction over a case"); see also Tate v. E.I. DuPont
de Nemours, 934 S.W.2d 83, 84 (Tex. 1996) (quoting Jamar, 868 S.W.2d at 319 and
citing as basis for holding in Jamar, supreme court's "policy to construe rules
reasonably but liberally, when possible, so that the right to appeal is not lost by
creating a requirement not absolutely necessary from the literal words of the rule").

 I would hold, therefore, that any challenge to S.E.A. Leasing's failure to pay
the filing fee on its motion for new trial was waived, not that the failure to pay the fee
was fatal to its preservation of the issues presented in the motion. (3)


Failure to Object on Same Basis in Trial Court and Appellate Court

 The panel opinion next holds that "in its motion for new trial, S.E.A. Leasing
did not complain that there was no basis to avoid limitations under misidentification
or S.E.A. Leasing's absence from the State. Thus, these particular statute-of-limitations arguments of S.E.A. Leasing would not have been preserved in any
event." See Tex. R. App. P. 33.1(a). I disagree with the panel's construction of
S.E.A. Leasing's pleadings and with its holding that S.E.A. Leasing waived its
limitations argument because "it did not complain that there was no basis to avoid
limitations under misidentification or S.E.A. Leasing's absence from the state."

 S.E.A. Leasing pleaded in its motion for new trial that there was no evidence
to support the Steeles' fraudulent concealment response to its statute-of-limitations
affirmative defense because "[a]ny alleged failure by [S.E.A. Leasing] to provide
publicly available information [i.e., information about transfer of ownership of the
premises when the injury occurred to S.E.A. Leasing, an out-of-state company] is not
a basis to toll on discovery rule grounds"; "[a]ny lapse in the corporate status of
[S.E.A. Leasing] . . . is not a basis upon which to toll the statute of limitations"; and
"[the Steeles] put forth no evidence of fraud." On appeal, S.E.A. Leasing argued that
the Steeles' misidentification of the proper party as defendant did not toll the
limitations period when there was no evidence of fraudulent concealment and that
S.E.A. Leasing's absence from the state as a foreign corporation did not defer accrual
of the cause of action against it.

 Unlike the panel, I can discern no material difference between the language
used by S.E.A. Leasing to preserve its statute-of-limitations complaint in its motion
for new trial and in its issues presented for appeal. Rather, the panel appears to have
created a requirement that an appellant state its complaint in the trial court in the
exact same words--and possibly with all the same arguments and authorities--that
it uses in its appeal. The panel's parsing of S.E.A. Leasing's pleadings in its motion
for new trial in such a way as to preclude preservation of error again imposes a
preservation burden on appellants beyond those warranted by any rule or case law. 
See Tex. R. Civ. P. 321 ("Each point relied upon in a motion for new trial . . . shall
briefly refer to that part of the ruling of the court . . . designated to be complained of,
in such a way that the objection can be clearly identified and understood by the
court"); see also Tate, 934 S.W.2d at 84 (stating that right to appeal should not be
"lost by creating a requirement not absolutely necessary from the literal words of the
rule"); Jamar, 868 S.W.2d at 319 (same). 

 Notably, although the Steeles raised on appeal the issue of S.E.A. Leasing's
failure to pay the filing fee on its motion for new trial as grounds for denying
appellate review of the limitations issue, they did not make the argument that S.E.A.
Leasing failed to preserve its limitations defense because its arguments on appeal
differed from its arguments in its motion for new trial. Instead, the Steeles argued the
merits of the statute-of-limitations issue at length in their brief and in their reply brief. 
The only reasonable inference is that the Steeles, unlike the panel, did not believe that
the statute-of-limitations argument had been waived because S.E.A. Leasing's
arguments on appeal differed from those below. The panel has drawn this conclusion
sua sponte.

 I would hold that S.E.A. Leasing preserved its statute-of-limitations challenge
for appeal. I would, therefore, address the merits of S.E.A. Leasing's arguments that
the statute of limitations barred the Steeles' suit, on which I express no opinion here.


Failure to Preserve Objection to Legal Sufficiency of Expert Testimony to
Support the Judgment


 In its third and fourth issues, S.E.A. Leasing argues that the trial court erred by
admitting the expert-witness testimony of Emil Shebelbon over its objection because
the Steeles did not meet their burden of showing that Shebelbon's opinion regarding
the unreasonable danger posed to Jeff Steele by S.E.A. Leasing's negligence was
based on a sufficiently objective foundation and sufficiently reliable methodology to
constitute legal evidence; Shebelbon's expert testimony was conclusory and non-probative; and thus there was legally insufficient evidence of an unreasonably
dangerous condition to support the jury verdict that S.E.A. Leasing's negligence
proximately caused Jeff Steele's injury and the trial court's judgment on that verdict
holding S.E.A. Leasing liable to the Steeles for premises liability. (4)

 Although S.E.A. Leasing did object to Shebelbon's qualifications and
testimony, the panel finds the objections insufficient to preserve error, as set out in
its opinion. In addition to those objections, however, S.E.A. Leasing also argued in
its motion for new trial, "Shebelbon's expert testimony should have been excluded
both on grounds that it lacks reliable basis and on grounds that it fails to assist the
trier of fact. . . . Plaintiffs presented nothing more than evidence of their expert's
experience as evidence of the validity of his conclusions." 

 The panel opines in overruling S.E.A. Leasing's third issue, that "[a]n objection
to testimony, including the qualifications of experts and the reliability of their
theories and methodology, must be raised at the trial-court level, and failure to do so
waives any error on these grounds," but that "S.E.A. Leasing failed to preserve for
appellate review any challenge relating to Shebelbon's expert qualifications or the
reliability of his testimony." The panel then acknowledges, inconsistently, in its
approach to issue four that "no trial objection is required '[w]hen the testimony is
challenged as conclusory or speculative and therefore non-probative on its face.'" 
However, rather than address the legal sufficiency of Shebelbon's testimony to
support the jury's finding of an unreasonably dangerous condition, the panel then
states that "an attack on the sufficiency of the evidence in a jury trial must be
preserved in the trial court." After observing that "S.E.A. Leasing argues that it
preserved this challenge in its motion for new trial," the panel opines that, "as
discussed above, S.E.A. Leasing's motion for new trial did not preserve any
complaint on appeal because of S.E.A. Leasing's failure to timely pay the filing fee
before the trial court lost its plenary power." Thus, it finds that S.E.A. Leasing's third
and fourth issues, like all of its other issues, were not preserved, and it affirms the
trial court's judgment on the verdict. 

 I would hold that S.E.A. Leasing preserved its objection to the reliability and
conclusiveness of Shebelbon's testimony, hence to the legal sufficiency of that
evidence to support the judgment, through its motion for new trial and, even if it had
not, it could still have raised the legal sufficiency of that allegedly conclusory and
non-probative nature of that testimony to support the judgment as an issue on appeal. 

 As S.E.A. Leasing pointed out in its appellate brief, and again points out in its
motion for reconsideration, "[t]he Texas Supreme Court has long held that
unsubstantiated expert testimony may not be presented to a jury, even absent any
objection." See Merrell Dow Pharm. v. Havner, 953 S.W.2d 706, 712 (Tex. 1997)
("When the expert 'brings to court little more than his credentials and a subjective
opinion,' this is not evidence that would support a judgment. . . . If for some reason
such testimony were admitted in a trial without objection, would a reviewing court
be obliged to accept it as some evidence? The answer is no."). S.E.A. Leasing
acknowledges that the rule was modified by the supreme court in Maritime Overseas
Corp. v. Ellis, which held that an appellant must have objected to an expert's
methodology to preserve that issue for appeal. See 971 S.W.2d 402, 408-10 (Tex.
1998); see also Coastal Transp., 136 S.W.3d at 232-33. However, as S.E.A. Leasing
also points out, in Coastal Transport, the supreme court opined that "[e]ven in
Maritime Overseas, however, we recognized that an objection to the admissibility of
the expert testimony may not be needed to preserve every no evidence challenge;
instead, we drew a distinction between challenges to an expert's scientific
methodology and 'no evidence challenges where, on the face of the record, the
evidence lacked probative value.'" Coastal Transp., 136 S.W.3d at 233. 

 The court explicitly stated in Coastal Transport, "We disagree that an objection
is needed to preserve a no-evidence challenge to conclusory expert testimony." Id.
at 232. It explained that "[o]pinion testimony that is conclusory or speculative is not
relevant evidence, because it does not make the existence of a material fact 'more
probable or less probable.'" Id. It continued, "Because we conclude that Maritime
Overseas did not change the general rule that bare conclusions--even if unobjected
to--cannot constitute probative evidence, we hold that Coastal did not waive its no-evidence challenge in this case." Id. 

 The court reiterated this conclusion in City of Keller v. Wilson, stating that
"incompetent evidence is legally insufficient to support a judgment, even if admitted
without objection." 168 S.W.3d 802, 812 (Tex. 2005). It explained, "This exception
frequently applies to expert testimony. . . . And if an expert's opinion is based on
certain assumptions about the facts, we cannot disregard evidence showing those
assumptions were unfounded." Id. at 812-13. Thus, under City of Keller, evidence
showing that supporting evidence is incompetent cannot be disregarded when
conducting a legal-sufficiency review. See id. 

 In my view, the panel opinion conflicts with Coastal Transport and with City
of Keller. The panel should have addressed the merits of S.E.A. Leasing's third issue,
challenging the foundations of Shebelbon's expert testimony, hence its competency
as evidence. I also disagree with the panel's argument, with respect to S.E.A.
Leasing's fourth issue regarding the preclusive effect for purposes of appeal of an
appellant's failure to pay the fee on a motion for new trial, for the reasons set forth
above. And, I disagree with its holding that S.E.A. Leasing failed to object in the trial
court to the reliability and conclusory nature of Shebelbon's expert testimony and
thus failed to preserve error as to the admissibility and legal sufficiency of that
testimony to support the jury's finding that S.E.A. Leasing's premises posed an
unreasonable danger to Jeff Steele. 

 I would hold that S.E.A. Leasing preserved its third and fourth issues for
appeal. Therefore, I would address the merits of those issues, as to which I express
no opinion here.


Conclusion

 I would grant en banc reconsideration to reassert this Court's agreement with
supreme court precedent regarding the requirements for preservation for appeal of
legal issues for appeal and its conformity with the mandate of Rule of Civil Procedure
1. Because I do not believe controlling law supports any of the panel's conclusions
regarding S.E.A. Leasing's waiver of its arguments on appeal, I would address S.E.A.
Leasing's appeal on its merits.



 Evelyn V. Keyes

 Justice

Panel consists of Justices Taft, Alcala, and Hanks.

A majority of the justices of the Court voted to deny en banc reconsideration. See
Tex. R. App. P. 41.2, 49.7.


Justice Taft, joined by Justices Alcala and Hanks, concurring in the denial of en banc
reconsideration.


Justice Keyes, dissenting from the denial of en banc reconsideration.
1. Rule 41.2, governing decisions on en banc consideration, provides, in relevant part:


 (c) En Banc Consideration Disfavored. En banc consideration of a case
is not favored and should not be ordered unless necessary to secure or maintain
uniformity of the court's decisions or unless extraordinary circumstances
require en banc consideration. . . .


 Tex. R. App. P. 41.2(c).
2. The Jamar court advised that, "absent rare circumstances," the trial court should not
consider a motion for new trial before the filing fee is paid, but it did not preclude
such consideration. See Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1994).
3. In his "Concurring Opinion on Denial of En Banc Reconsideration," Justice Taft
states that I "contend[] in part that the panel's holding was erroneous because the trial
court conducted an oral hearing on S.E.A. Leasing's motion for new trial and
overruled it and the Steeles made no objection in the trial court to S.E.A. Leasing's
failure to pay the filing fee for its motion, nor did they object to the trial court's
consideration of S.E.A. Leasing's motion." S.E.A. Leasing, Inc. v. Jeff Steele &
Melissa Steele, 01-05-00189-CV, ___WL ___ (Tex. App.--Houston [1st Dist.] Aug.
17, 2007, no pet. h.) (Taft, J., concurring in denial of en banc reconsideration). The
concurrence complains that I can "support this position only by relying on exhibits
attached to S.E.A. Leasing's motion for rehearing, rather than on anything in the
record before this Court."


 I, in fact, believe, for the reasons stated above, that the panel opinion would be
erroneous whether the trial court had held a hearing on S.E.A. Leasing's motion for
new trial and expressly overruled it, as it did, or whether it had let the conditionally
filed motion be overruled by operation of law. My objection is to the panel's refusal
to consider the motion conditionally filed, contrary to all other courts, including the
supreme court, and its insistence that S.E.A. Leasing's non-payment of the filing fee
for its motion for new trial precludes the preservation of legal error asserted only in
the motion. See Garza v. Garcia, 137 S.W.3d 36, 38 (Tex. 2004). 


 Nevertheless, assuming the materiality of the hearing to my argument, the
concurrence complains that I could not properly consider the evidence that such a
hearing was held because S.E.A. Leasing did not present that evidence to this Court
earlier. The matter of whether the trial considered S.E.A. Leasing's motion for new
trial would, however, never have come up had the Steeles not raised for the first time
in their appellate brief the issue of S.E.A. Leasing's non-payment of the filing fee as
grounds for this Court's denying review of the substantive legal issues S.E.A. Leasing
preserved in its motion for new trial. In this regard, I observe that there is no
objection by the Steeles in the clerk's record to S.E.A. Leasing's failure to pay the fee.
Had there been such an objection in the trial court, the non-payment could have been
easily cured. 


 Contrary to the panel, I would hold that the Steeles' objection to S.E.A. Leasing's 
non-payment of the filing fee on its motion for new trial was waived by their failure
to object to the non-payment in the trial court. See Tex. R. App. P. 33.1(a) ("As a
prerequisite to presenting a complaint for appellate review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection, or motion
that: (A) stated the grounds for the ruling that the complaining party sought from the
trial court . . . .").
4. Jury charge question two asked, "Did the negligence, if any, of those named below
proximately cause the injury in question? With respect to the condition of the
premises, S.E.A. Leasing Inc. was negligent if--(a.) the condition posed an
unreasonable risk of harm, and (b.) S.E.A. Leasing, Inc. knew or reasonably should
have known of the danger, and (c.) S.E.A. Leasing, Inc. failed to exercise ordinary
care to protect Jeff Steele from the danger, by both failing to adequately warn Jeff
Steele of the condition and failing to make that condition reasonably safe." 
(Emphasis added.) The jury answered "yes" to S.E.A. Leasing's negligence as a
cause of the injury and "no" to Jeff Steele's own negligence as a cause of the injury.