Petition for Writ of Mandamus Denied
and Memorandum Opinion filed October 20, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00782-CV

____________

 

IN RE JACQUELINE JOHNSON, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            In this original proceeding, relator, Jacqueline Johnson,
seeks a writ of mandamus ordering the respondent, the Honorable Robert J. Kern,
presiding judge of the 387th District Court in Fort Bend County, to vacate both
the order signed July 8, 2009, setting aside a default judgment and the August
27, 2009, order entered after the new trial. We deny the writ.

            On February 23, 2009, Johnson filed a petition to modify the
parent-child relationship in cause number 2005-CV-143355, in the 387th District
Court, styled In the Interest of C.M.G., a child. No answer was filed,
and on March 23, 2009, the trial court signed a default judgment. On April 14,
2009, the real party in interest and father of the child, Kenneth Ray Gordon,
Sr., filed a motion to set aside the default judgment.[1] A hearing was set on April 21, 2009,
and according to a docket entry, the trial court granted the motion at the
conclusion of the hearing. An order setting aside the default judgment was not
signed until July 8, 2009, however. 

            The trial court set the new modification trial for May 15,
2009. The case was reset until June 11, continued on July 7, 2009, and concluded
on August 12, 2009. On August 24, 2009, Johnson filed a motion to vacate the
order setting aside the default judgment. A hearing on the motion was held the
next day. At the hearing, Johnson questioned the trial court’s plenary power to
set aside the default judgment. The order setting aside the March 23, 2009,
default judgment was not signed until July 8, 2009, which Johnson asserted was
outside the trial court’s plenary power. See Tex. R. Civ. P. 329b(e) (“If
a motion for new trial is timely filed by any party, the trial court,
regardless of whether an appeal has been perfected, has plenary power to grant
a new trial or to vacate, modify, correct, or reform the judgment until thirty
days after all such timely-filed motions are overruled, either by a written and
signed order or by operation of law, whichever occurs first.”). Gordon responded
that Johnson did not raise the issue until after four days of trial. The trial
court denied Johnson’s motion. On August 27, 2009, the trial court signed a new
order in the modification proceeding. Johnson then filed this proceeding seeking
to vacate the July 8, 2009, order setting aside the default judgment and the
August 27, 2009, modification order as void, asserting that they were signed
outside the trial court’s plenary power.

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles when there is no other adequate remedy by law. Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply
the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005). When a challenged order is void for lack of jurisdiction, the
relator is not required to establish that he has no adequate remedy by appeal. In
re Small, 286 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2009) (orig.
proceeding).

Jurisdiction is never presumed, cannot be conferred by
consent, and cannot be waived. Powell v. Stover, 165 S.W.3d 322, 324
(Tex. 2005) (orig. proceeding). Therefore, Johnson has not waived her challenge
to the trial court’s plenary jurisdiction by waiting until after the new trial
had occurred to raise it. 

It is clear that the trial court’s docket entry cannot substitute for a
written order granting the new trial. Rule 329b(c) of the Texas Rules of Civil
Procedure states that a motion for a new trial can be granted only by a
written, signed order:

In the event an original or amended motion for new
trial or a motion to modify, correct or reform a judgment is not determined by
written order signed within seventy-five days after the judgment was signed, it
shall be considered overruled by operation of law on expiration of that period.

Tex. R. Civ. P. 329b(c). The Texas Supreme Court has consistently held
that a written order granting a new trial is mandatory. See Horizon/CMS
Healthcare Corp., Inc. v. Fischer, 111 S.W.3d 67, 68 (Tex. 2003)
(per curiam) (declining to overrule precedent, ignore Rule 329b, and accept
docket entry in lieu of written order); Faulkner v. Culver, 851 S.W.2d
187, 188 (Tex.1993) (per curiam) (holding oral pronouncement and docket entry cannot
be substituted for a written order). Recently, the Texas Supreme Court ruled
that a scheduling order also cannot take the place of a signed order granting a
new trial. In re Lovito-Nelson, 278 S.W.3d 773, 775-76 (Tex. 2009). 

            Therefore, we must determine whether the trial court’s July
8, 2009, order setting aside the default judgment was timely. Gordon’s motion
to set aside the March 23, 2009, default judgment was overruled by operation of
law seventy-five days later. See Tex. R. Civ. P. 329b(c). The
seventy-fifth day, June 6, 2009, was a Saturday; therefore, the motion was
overruled by operation of law on Monday, June 8, 2009. See Tex. R. Civ.
P. 4 (in computing time periods under the rules of civil procedure, “[t]he last
day of the period so computed is to be included, unless it is a Saturday,
Sunday or legal holiday, in which event the period runs until the end of the
next day which is not a Saturday, Sunday or legal holiday.”); see also Sims
v. Fitzpatrick, 288 S.W.3d 93, 105 (Tex. App.—Houston [1st Dist.] 2009, no
pet. h.) (applying rule 4 to computation of rule 329b(c) seventy-five-day
period for ruling on motion for new trial); Long John Silver’s Inc. v.
Martinez, 850 S.W.2d 773, 776 (Tex. App.—San Antonio 1993, writ dism’d)
(same). The trial court’s plenary power extended thirty days thereafter until
July 8, 2009. See Tex. R. Civ. P. 329b(e). Therefore, the trial court
timely signed its order setting aside the default judgment on July 8, 2009, the
last day of its plenary power. 

            We
find no abuse of discretion. Accordingly, we deny the petition for writ of
mandamus.

 

                                                                                                                        

                                                                                    

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.









[1]  Johnson
asserts that Gordon did not pay the filing fee for the motion for new trial,
making the motion conditionally filed. See Jamar v. Patterson, 868
S.W.2d 318, 319 (Tex. 1993). The record before this court is unclear. While the
list of costs included in the record does not reflect that any motion fees were
paid, it also does not show that any motion fees are due. When a motion for new
trial is conditionally filed, it operates to extend the court’s plenary power,
but a trial court is not required to consider it. Garza v. Garcia, 137
S.W.3d 36, 38 (Tex. 2004). Here, even though the court may not have been
required to consider the motion for the trial, it set a hearing on the motion,
considered its merits, and granted a new trial. See Weeks Marine, Inc. v. Salinas,
225 S.W.3d 311, 317 (Tex. App.—San Antonio 2007, pet. dism’d) (distinguishing Garza
and citing Kvanvig v. Garcia, 928 S.W.2d 777, 779 (Tex. App.-—Corpus
Christi 1996, no writ) (noting trial court has discretion to consider and rule
on conditionally filed motion for new trial)).