Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio





★ ★ ★                                            ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00384-CV

## J. ALLEN FAMILY PARTNERS, LTD,
Appellant

v.

Larry Edward **SWAIN**, Individually and as Co-Manager of the C.E. Swain et al, L.D. Webb, Co-Manager of C.E. Swain, et. al., Pamela Sue Swain Webb, Individually; Cindy Sue Swain Aristequieta, Individually; Tammy Lorene Swain Malhiot, Individually; Larry Edward Swain, as Trustee of the Charlotte Lorene Swain Trust and The Larry Edward Swain Jr. Trust, Pamela Sue Swain Webb, Trustee of the L.D. Webb, the Cody Glen Webb Trust, and Casey Nicole Webb Trust, Estate of Carl Ronnie Swain, Deceased by Traci Lynn Swain, Independent Executrix, and Pamela Kay Swain Living Trust by and through Larry Edward Swain as Trustee,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-13368
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 26, 2010

AFFIRMED

J. Allen Family Partners, LTD ("JAFP") appeals the summary judgment awarding appellees

("Swain") their attorney's fees. JAFP contends the trial court lacked jurisdiction to grant summary

judgment on Swain's attorney's fees counterclaim because the trial court had previously signed an

order of nonsuit and made a specific finding that no counterclaims were on file. Additionally, JAFP argues that if Swain had a pending claim for affirmative relief, the trial court lacked jurisdiction to entertain the claim because Swain failed to pay the mandatory $15.00 filing fee. We affirm the judgment.

## BACKGROUND

JAFP entered into a contract to buy land from Swain. The contract included a provision allowing attorney's fees in favor of the prevailing party in the event of litigation. A dispute arose over the payment of "roll back" taxes on the property, and JAFP sued Swain for breach of contract. Swain filed an original answer, which included the following:

ATTORNEY FEES
Defendants are entitled to recover reasonable and necessary attorney fees under the provisions of the written contract between the parties.

On May 5, 2009, Swain filed a motion for summary judgment on its attorney's fees claim and on JAFP's claims, which was set for hearing on May 29, 2009. JAFP filed a notice of nonsuit on May 13, 2009. Without a hearing or notice to Swain, the order of nonsuit was signed by the trial court on May 28, 2009. The order recited:

On May 13, 2009, J. ALLEN FAMILY PARTNERS, LTD Non-suited all causes of action against Defendants. . . . The Court takes judicial notice of the file and finds that there are no counter-claims on file and no claims for affirmative relief, therefore, none of the Defendants are seeking affirmative relief from J. ALLEN FAMILY PARTNERS, LTD.

The case is therefore DISMISSED without prejudice.

The next day Swain and JAFP appeared at the hearing on Swain's motion for summary judgment. JAFP argued the attorney's fee claim was moot because he nonsuited his claims and the trial court found there were no counterclaims on file or, alternatively, the hearing on the motion for summary

judgment should be continued. The trial court denied JAFP's request for a continuance, and after argument of counsel, granted summary judgment for attorney's fees in favor of Swain. The judgment stated in part:

> On May 29, 2009, the Court heard Defendants' Motion for Summary Judgment for attorney's fees, after the Court was advised that the Plaintiff filed a Notice of Non-suit. The parties appeared before the Court for the hearing on the claim for attorney's fees by Defendants. The court finds that the Non-suit by Plaintiff renders the third-party action of Defendants against Lukin T. Gilliland moot.
>
> After considering the pleadings, motion, evidence on file, and arguments of counsel, the Court grants the motion and hereby renders judgment for Defendants . . . jointly and severally, against Plaintiff.
> . . .
> . . .
> It is Ordered that the Plaintiff's action and the third-party action of Defendants are non-suited with prejudice to their refiling.
>
> This Judgment is final, disposes of all claims and all parties and is appealable.

JAFP filed a notice of appeal, which stated "A Final Judgment was signed on May 29, 2009 by the Honorable Barbara Nellermoe."

## DISCUSSION

*A. Nonsuit*

JAFP contends the order of nonsuit signed May 28, 2009 disposed of all claims between the parties, was final and binding, and deprived the trial court of jurisdiction to entertain Swain's motion for summary judgment. We disagree.

A trial court has plenary power to vacate, modify, correct, or reform judgment within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Assuming the order of nonsuit was final, the trial court

nevertheless retained the power to vacate or modify the order for thirty days after it was signed. The final summary judgment was signed on May 29, 2009, the day after the order of nonsuit was signed — a time clearly within the trial court's plenary power.

JAFP acknowledges that a nonsuit does not dispose of a counterclaim for attorney's fees, but argues that because the trial court specifically determined Swain had no counterclaim on file, the order of nonsuit precluded the trial court from considering the motion for summary judgment. *See Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) (plaintiff's decision to pursue or abandon claims does not control the fate of a non-moving party's independent claims for affirmative relief for costs and attorney's fees). We disagree. Regardless of whether the trial court initially made such a finding, the trial court retained plenary power to revisit the issue and modify the order of nonsuit. TEX. R. CIV. P. 329b(d); *Lane Bank*, 10 S.W.3d at 310.

The final summary judgment recited that the trial court heard the motion for summary judgment after it had been informed of the filing of the nonsuit. The final summary judgment awarded Swain attorney's fees, and also changed the order of nonsuit from a dismissal without prejudice to a dismissal with prejudice. Although the final summary judgment did not expressly state that the order of nonsuit was modified or vacated, it did acknowledge the filing of the nonsuit, granted Swain summary judgment, and dismissed all JAFP's claims with prejudice. The final summary judgment therefore modified the order of nonsuit. *See, e.g.*, *Abercia v. Kingvision Pay-Per-View, Ltd.*, 217 S.W.3d 688, 706 (Tex. App.—El Paso 2007, pet. denied)(any change in judgment vacates original judgment); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 40 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)(any change in judgment indicates trial court's intent to vacate first judgment); *Owens-Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402 (Tex.

App.—Austin 1994, no writ)(any change in judgment should be treated as a modified, corrected, or reformed judgment that "presumptively vacates" trial court's former judgment unless record indicates contrary intent); *Alford v. Whaley*, 794 S.W.2d 920, 922 (Tex. App.—Houston [1st Dist.] 1990, no writ)(second judgment restarted appellate timetable even though neither second judgment nor the record indicated first judgment had been vacated).

*B. Filing Fee*

JAFP next contends that because Swain failed to pay the mandatory filing fee for the counterclaim there was not a valid counterclaim before the trial court and the trial court lacked jurisdiction to award attorney's fees. *See* TEX. GOV'T CODE ANN. § 51.317(b)(2) (Vernon Supp. 2009)(mandatory $15 fee for filing counterclaim due at time of filing counterclaim). However, the payment of filing fees "is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case." *Kvanvig v. Garcia*, 928 S.W.2d 777, 779 (Tex. App.—Corpus Christi 1996, no writ)*;*(citing *Tanner v. Axelrad*, 680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd) (failure to pay fee for filing original cause of action in justice court does not defeat jurisdiction) and *Advance Imps., Inc. v. Gibson Prods. Co.*, 533 S.W.2d 168, 169-70 (Tex. Civ. App.—Dallas 1976, no writ)(filing fee for filing appeal from justice court to county court not prerequisite for jurisdiction)).

The Texas Supreme Court in *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004) held the failure to pay a filing fee for a motion for new trial did not invalidate the filing of the motion, and the motion extended the appellate deadlines. The court noted that under such circumstances a trial court is *not required* to review the factual sufficiency complaints raised in a motion for new trial. *Id*. The court did not hold that a trial court could not consider a motion, rather the court reiterated

its holding from an earlier decision related to filing fees: "'absent emergency or other rare circumstances' a motion for new trial should not be considered until the filing fee is paid." *Id*. (citing *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993)(per curiam). Nothing in the court's decision indicates that the failure to pay a filing fee deprives a court of jurisdiction. Therefore, Swain did not have an unconditional right to have the counterclaim heard if the fee was not paid, but the trial court had jurisdiction to consider and rule on the claim. *See In re C.A.S.*, 128 S.W.3d 681, 685-686 (Tex. App.—Dallas 2003, no pet.)(without payment of mandatory filing fee defendant had no "unconditional right" to be heard on counterclaims; therefore, court of appeals could not conclude that the trial court erred in dismissing the conditional claims for affirmative relief)*; Kvanvig*, 928 S.W.2d at 779 ("we interpret the Texas Supreme Court's suggestion that the trial court "should not" act on a motion for new trial before the filing fee is paid more as instructive than as a curbing of the trial court's jurisdiction or authority.").

Moreover, the clerk's bill of costs indicates counsel for Swain paid the clerk $70.00 and JAFP's original answer and request for disclosure is stamped "Fee Paid." Therefore, even if the failure to pay a filing fee is considered a jurisdictional defect, JAFP failed to demonstrate the fee was not paid.

We affirm the final summary judgment.

Steven C. Hilbig, Justice