

# Fourth Court of Appeals
## San Antonio, Texas

August 14, 2014

No. 04-14-00487-CV

Mary Alice **SAIZ**,
Appellant

v.

**SUSSER HOLDINGS CORPORATION AND STRIPES LLC**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2012-02-28,530-CV
The Honorable Camile G. Dubose, Judge Presiding

## O R D E R

On July 25, 2014, we issued a show cause order questioning our jurisdiction over this appeal. Based on the record before us, it appeared that the notice of appeal was untimely. The motion for new trial was file-marked by the trial court clerk on April 10, 2014, which was more than thirty days after the trial court's February 24, 2014 judgment was signed. We ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.

Appellant's counsel has filed a response to our order, explaining that he mailed the motion for new trial and a check for the filing fee to the trial court clerk on March 22, 2014, but that the motion and the check were returned to him by the trial court clerk because he had failed to sign the check. Appellant's counsel further explains that he signed the check and returned the motion for new trial and the check to the trial court clerk for filing. Appellant's response includes an affidavit from counsel and additional documentation showing that the motion for new trial was mailed to the trial court clerk on March 22, 2014. Appellant's counsel asserts that we have jurisdiction over this appeal and should retain the case on our docket. We agree with appellant's counsel.

Generally, a document is considered "filed" when it is tendered to the clerk, or otherwise put under the custody or control of the clerk. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (holding that a motion for new trial was conditionally filed when it was tendered to the clerk without payment of the filing fee and that the filing was completed when the filing fee was paid). Additionally, under the mailbox rule, service is complete upon deposit of the document,

postpaid and properly addressed, in the mail. *See* TEX. R. CIV. P. 21a; TEX. R. APP. P. 9.2(b). Here, the motion for new trial was conditionally filed with the trial court clerk on the date it was mailed, and this date controls for purposes of determining appellate deadlines. *See Jamar*, 868 S.W.2d at 319 (concluding the date the motion for new trial was tendered to the trial court clerk controlled for appellate purposes of calculating the appellate timetable); *Spellman v. Hoang*, 887 S.W.2d 480, 482 (Tex. App.—San Antonio 1994, no writ) (concluding that the motion for new trial was filed at the time it was tendered to the trial court clerk and that payment of the filing fee retroactively completed the filing so as to extend the appellate timetable). Thus, for purposes of determining the deadline for filing the notice of appeal, the motion for new trial was filed on March 22, 2014, which was less than thirty days after the trial court's judgment was signed.

Because appellant's motion for new trial was timely filed on March 22, 2014, appellant's notice of appeal was due ninety days later, on May 25, 2014. *See* TEX. R. APP. P. 26.1(a). Appellant timely filed her notice of appeal on May 23, 2014. Because appellant's notice of appeal was timely filed, we have jurisdiction over this appeal. We, therefore, ORDER this appeal retained on our docket.

Appellant is ORDERED to file a docketing statement no later than **ten days from the date of this order.** The reporter's record, if any, is due thirty days from the date of this order.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of August, 2014.

_____
Keith E. Hottle
Clerk of Court