**Vanessa FINLEY, Appellant,**

v.

**J.C. PACE LTD. and Traders Village Houston, Inc., Appellee.**

**No. 01–99–00662–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 9, 1999.

320 ■ 

Shane R. Kadlee, Houston, for Appellant.

Bruce C. Gaible, Houston, for Appellee.

## ORDER

PER CURIAM.

The Court today considered the motion by appellees to dismiss the appeal for want of jurisdiction. We **DENY** the motion.

### Procedural History

Final summary judgment was signed on February 19, 1999. Appellant Vanessa Finley filed a "motion for rehearing" on February 23, 1999, on which the trial court did not rule. On June 4, 1999, Finley moved to extend time to file her notice of appeal, which this Court granted. Appellees now move to dismiss, claiming that

Finley's "motion for rehearing" did not extend the appellate deadlines because (1) the motion for rehearing was not a "motion for new trial," as required by Tex.R.App. P. 26.1, and (2) Finley did not pay the appropriate filing fees.

### Substance Over Form

■ When a "motion for new trial" is timely filed, the time to perfect the appeal is extended to 90 days after the judgment is signed. Tex.R.App. P. 26.1(a)(1). Appellees contend that this rule does not apply to extend the appellate deadlines because Finley's "motion for rehearing" was not a "motion for new trial."

■ The effect of a motion depends on the nature of the instrument. *Mercer v. Band,* 454 S.W.2d 833, 835 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ). We look to its substance rather than its form. *Id.* Substance is not determined solely from a caption or introduction. *Id.* Instead, substance is gleaned from the body of the instrument and the prayer for relief. *Id.* at 836. The question, therefore, is whether the motion for rehearing is in substance a motion for new trial.

A motion for new trial must, by its very nature, seek to set aside an existing judgment and request relitigation of the issues. *Id.* Finley's motion requested the trial court to "grant a rehearing" and "deny defendants' motion for summary judgment." Accordingly, the motion sought to set aside the existing judgment for the purpose of litigating the issues. If the trial court granted the motion, a trial would have resulted. Thus, the motion may be considered a request for a new trial.[1]

1. Accordingly, the notice of appeal was due 90 days after the judgement was signed, or on May 20, 1999. The notice of appeal was filed 15 days late on June 4, 1999. An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:

(1) files the notice of appeal in the trial court; and

(2) files the proper motion in the appellate court.

Tex.R.App. P. 26.3. Because Finley's motion to extend time to file her notice of appeal was within the 15 days, and provided a reasonable explanation for the delay, we granted the motion. *See* Tex.R.App P. 10.5(b)(2).

## Payment of Filing Fees

■ Appellees contend that, even if the motion is considered a motion for new trial, there is still no jurisdiction because Finley did not pay the statutory $15 filing fee for a motion for new trial at the time the motion was sent to the district clerk. *See* TEX. GOV'T CODE ANN. § 51.317 (Vernon 1988).

The rules of civil procedure require that a motion for new trial be "filed" within 30 days after the judgment is signed. TEX.R. CIV. P. 329b(a). The rules of appellate procedure extend the time for perfecting an appeal to 90 days after the judgment is signed when a timely motion for new trial has been "filed." TEX.R.APP. P. 26.1(a). Neither set of rules, however, defines the term "filed."

The supreme court has dictated that the rules be construed "reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993). The court has consistently held that "a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Id.* at 319.

Appellees rely on *Arndt v. Arndt*, 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ), which held that a motion for new trial was filed when it was tendered, even though the fee was paid two days after the motion was due. *Id.* The court then stated that a motion for new trial "will not act to extend the appellate timetables if the required $15 fee is not paid before the motion is heard or before it is overruled." *Id.* That statement was broader than necessary under the facts of the case and is therefore dicta.

In *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex.1996), the supreme court extended the appellate time-

table when the filing fee was paid after the motion for new trial was overruled, but before the trial court lost plenary jurisdiction. However, the court expressly refused to decide the issue before us— whether the appellate timetable is extended if the filing fee is paid after the trial court loses plenary jurisdiction. *Id.* at 84, n. 1.

The few courts addressing the issue have held that a motion for new trial will extend the appellate timetable, even though the filing fee was paid after the appellee moved for dismissal in the court of appeals. *See Polley v. Odom*, 937 S.W.2d 623, 625 (Tex.App.—Waco 1997, no writ); *Ramirez v. Get "N" Go # 103*, 888 S.W.2d 29, 31 (Tex.App.—Corpus Christi 1994, writ denied); *Spellman v. Hoang*, 887 S.W.2d 480, 482 (Tex.App.—San Antonio 1994, no writ). The courts reasoned that, while an untimely payment may deprive the trial court of the ability to rule on the motion, the appellate timetable would nevertheless be extended, given the supreme court's policy of liberally interpreting rules in favor of permitting appeal. *Polley*, 937 S.W.2d at 625; *Ramirez*, 888 S.W.2d at 31; *Spellman*, 887 S.W.2d at 481. We agree with this reasoning.[2] We therefore hold that a timely tendered motion for new trial extends the appellate timetable regardless of when the filing fee is paid. *Contra, Arndt*, 709 S.W.2d at 282.

Finley has not yet paid the statutory $15 filing fee for a motion for new trial, as required by TEX. GOV'T CODE ANN. § 51.317 (Vernon 1988). The motion to dismiss is **DENIED** at this time. However, the appeal will be dismissed for want of jurisdiction, unless appellant pays the appropriate filing fee and provides this Court with proof thereof within 15 days of the date of this order.

Furthermore, we note that appellant has not paid the $125 appellate filing fee, although reminded by the clerk of this Court

---

**2.** We note that the supreme court indicated its agreement with the rationale of *Ramirez* and *Spellman,* while it declined to comment on how it would rule if the filing fee were paid after the trial court lost plenary authority. *Tate,* 934 S.W.2d at 84.

to do so by letter dated June 29, 1999. Unless appellant pays the $125 filing fee to the clerk of this Court within 15 days of the date of this order, the appeal will be dismissed. Tex.R.App. P. 5.

It is so **ORDERED.**