Opinion issued June 13, 2002









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00119-CV






IN THE INTEREST OF M.P., A MINOR CHILD







On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 99-04989j






O P I N I O N

 This is an appeal from an order terminating appellant father's and appellant
mother's rights signed on October 31, 2000. Both appellants timely filed motions for
new trial, as well as separate, but timely, notices of appeal. On February 22, 2001,
the trial court sustained the contest to appellant father's affidavit of indigency, a
ruling that has not been challenged in this Court. (1)

 On February 7, 2002, the Court issued an order that stated in part as follows:


 The Court's records do not affirmatively show that appellant father has
paid the appellate filing fee of $125. See Tex. R. App. P. 5; Order
Regarding Fees Charged in Civil Cases in the Supreme Court and the
Courts of Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998); Tex.
Gov't Code Ann. § 51.207(a) (Vernon Supp. 2002). Unless within 15
days of the date of this order, appellant father pays such filing fee to the
Clerk of this Court, his appeal will be dismissed. See Finley v. J.C.
Pace Ltd., 4 S.W.3d 319, 321-22 (Tex. App.- Houston [1st Dist.] 1999)
(order); Negrini v. Smith, Nelson & Clement P.C., 998 S.W.2d 362, 363
(Tex. App.- Houston [1st Dist.] 1999, no pet.).




 The Court ruled that, because of appellants' failure to pay for the
reporter's record, it would proceed to consider the appeal based on the
clerk's record and briefs alone. However, because it was not clear if
appellant mother received a copy of this Court's order of November 29,
2001 or was aware that the appeal might proceed without the reporter's
record if appellants failed to pay for it, the Court ruled that, within 15
days of the date of the order, it would entertain a motion from appellant
mother to allow the reporter's record to be filed if she demonstrated that
she had requested the court reporter to prepare the record and made
payment arrangements for same. 




 Appellant father's brief was due 30 days after the date of this order. 
Appellant mother's brief was due 30 days after the date of this order. 



 Neither appellant filed a response to this Court's order of February 7, 2002. 
The court reporter has advised this Court that neither appellant has made payment
arrangements for the reporter's record. On April 25, 2002, the Court issued an order
stating that unless, within 30 days of the date of the order, each appellant filed (1) a
reasonable explanation for his or her failure to timely file appellant's brief, and (2)
an appellant's brief, the Court would dismiss the appeal for want of prosecution. See
Tex. R. App. P. 38.8(a)(1), 42.3(b).

 Neither appellant has filed an explanation or a brief. Neither appellant has
responded to this Court's order of April 25, 2002. Appellant father has not paid the
appellate filing fee of $125.

 Accordingly, the appeal is dismissed for want of prosecution.

PER CURIAM

Panel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.
1. However, on January 4, 2002, the Court denied appellant's motion to
consider his affidavit of indigency as being timely filed.