Opinion issued June 27, 2002

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01365-CV






IN THE INTEREST OF G.I.P., A MINOR CHILD






On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 9908922J






O P I N I O N

 According to information provided by the trial court clerk and in the docketing
statements filed by appellant father and appellee Texas Department of Protective &
Regulatory Services, this is an appeal from a decree of termination signed on October
31, 2000. The decree terminated the parent-child relationship between the child and
the appellant mother and between the child and appellant father. A motion for new
trial was timely filed. Appellant mother timely filed her notice of appeal on
November 30, 2000; appellant father, through his then-appointed attorney William
Connolly, timely filed his notice of appeal on January 16, 2001.

 Appellant mother filed no affidavit of indigency. Appellant father filed an
affidavit of indigency on January 29, 2001, 13 days after the deadline. (1) A contest to
the affidavit of indigency was filed on February 2, 2001. On February 22, 2001, the
trial court sustained the contest and ruled that appellant father was not indigent. The
order also released Connolly as appellant father's appointed attorney. Neither the
February 22, 2001 order nor the March 7, 2001order nunc pro tunc has been
challenged in this Court.

 The record in this appeal was due on February 28, 2001. The reporter's record
was filed on November 15, 2001. The clerk's record has not been filed, and the Court
is advised by the trial court clerk that the reason is appellants' failure to pay for it. 
Neither appellant has paid the appellate filing fee of $125. Appellee has filed a
motion to dismiss for want of prosecution.

 On May 2, 2002, the Court issued an order stating in pertinent part as follows:


 Subject to appellants paying for the clerk's record, the trial court clerk
is ordered to file the clerk's record within 30 days of the date of this
order. If the clerk's record is not so filed, at the expiration of such 30-day period, the trial court clerk is ordered to advise this Court in writing
of the reason why the clerk's record has not been filed. If the reason is
the failure of appellants to pay for the clerk's record, appellants are
advised that the appeal is subject to being dismissed. See Tex. R.
App. P. 37.3(b).
 Neither appellant has paid the appellate filing fee of $125. See Tex. R.
App. P. 5; Order Regarding Fees Charged in Civil Cases in the Supreme
Court and the Courts of Appeals, Misc. Docket No. 98-9120 (Tex. Jul.
21, 1998); Tex. Gov't Code Ann. § 51.207(a) (Vernon Supp. 2002). 
Unless within 15 days of the date of this order, appellant mother and
appellant father each pay such filing fee to the Clerk of this Court, the
appeal of the nonpaying party will be dismissed. See Finley v. J.C. Pace
Ltd., 4 S.W.3d 319, 321-22 (Tex. App.- Houston [1st Dist.] 1999)
(order); Negrini v. Smith, Nelson & Clement P.C., 998 S.W.2d 362, 363
(Tex. App.- Houston [1st Dist.] 1999, no pet.).



 As of the date of this opinion, the clerk's record has not been filed, and the trial
court clerk advises this Court that the reason is appellants' failure to pay for it. 
Neither appellant has paid the appellate filing fee. Neither appellant has responded
to this Court's order of May 2, 2002.

 Accordingly, for the reasons set forth in this Court's order of May 2, 2002, the
appellee's motion to dismiss for want of prosecution is granted, and the appeal is
dismissed.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.
1. No extension motion was filed in this Court. See Tex. R. App. P.
20.1(c)(3).