Opinion issued June 5, 2003


 

 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-001102-CV

____________


JAMES EDWARD LEWIS, Appellant


V.


ED WELLS, CLERK, Appellee






On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 01-58319






MEMORANDUM OPINION

 This is an appeal from a judgment signed on April 16, 2002. The notice of
appeal was filed on May 3, 2002. The notice of appeal contains a sentence that states,
"The appellant swears that he cannot afford to pay any cost to proceed in Forma
Pauperis." This sentence does not meet the requirements of Texas Rule of Appellate
Procedure 20.1 for an affidavit of indigence.

 On February 13, 2003, the Court issued an order stating as follows:


This Court's records do not affirmatively show that appellant has paid
the appellate filing fee of $125. See Tex. R. App. P. 5; Order Regarding
Fees Charged in Civil Cases in the Supreme Court and the Courts of
Appeals, Misc. Docket No. 98-9120 (Tex. July 21, 1998) Tex. Gov't
Code Ann. 51.207(a) (Vernon Supp. 2002). . . . Unless within 15 days
of the date of this order, appellant pays such filing fee to the Clerk of
this Court, the appeal will be dismissed. See Finley v. J.C. Pace Ltd., 4
S.W.3d 319, 321-22 (Tex. App.- Houston [1st Dist.] 1999) (order);
Negrini v. Smith, Nelson & Clement P.C., 998 S.W.2d 362, 363 (Tex.
App.- Houston [1st Dist.] 1999, no pet.). If appellant believes appellant
is entitled to proceed on appeal without advance payment of costs under
Tex. R. App. P. 20.1, appellant is directed to immediately file with this
Court a file-stamped copy of appellant's affidavit of indigency.

 It is so ORDERED.


To date, appellant has not paid the filing fee or provided the Court with a file
stamped copy of his affidavit of indigency entitling him to proceed on appeal
under Texas Rule of Appellate Procedure 20.1. 

 Accordingly, appellant's appeal is dismissed for want of prosecution. 
See Tex. R. App. P. 5; 42.3(b),(c). 

PER CURIAM

Panel consists of Justice Hedges, Nuchia, and Keyes.