Opinion issued July 24, 2003











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01160-CV
____________

DANIEL THOMAS MORRIS, Appellant

V.

LUIS HUMBERTO HARO, M.D. AND MEMORIAL HOSPITAL
SYSTEMS, INC., Appellees




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2001-09037




MEMORANDUM OPINION
          This is an appeal from an order signed by the trial courton October 18, 2002. 
No post-judgment motions were filed. A timely notice of appeal was filed on October
28, 2002. The record was due on November 7, 2002. Both the clerk’s record and the
reporter’s record have not been filed due to appellant’s nonpayment.
          On February 13, 2003, this Court ruled as follows:
 
(1)Pursuant to Rule 37.3(b), appellant is notified that unless,
within 30 days of the date of this order, he cures the failure
to file the clerk’s record and reporter’s record due to his
nonpayment for preparation, the appeal will be dismissed
for want of prosecution without further notice. 
 
(2)Unless within 15 days of the date of this order, appellant
pays the $125 filing fee to the Clerk of this Court, the
appeal will be dismissed without further notice. Finley v.
J.C. Pace Ltd., 4 S.W. 3d 319, 321-22 (Tex.
App.Houston [1st Dist.] 1999) (order); Negrini v. Smith,
Nelson & Clement P.C., 998 S.W. 2d 362, 363 (Tex.
App.–Houston [1st Dist.] 1999, no pet.).
 
          On March 10, 2003, appellant paid the $125 filing fee. However, he has not
paid the District Clerk and the court reporter for the preparation of their respective
portions of the record. Instead, in early March, in the trial court, appellant filed a
“Motion to Reinstate In Forma Pauperis Status and to Order the Clerk and Reporter
to Prepare the Records for Appeal.” Appellees filed an opposition to the motion,
objecting that the trial court had lost jurisdiction of the case. The trial court agreed
and, on March 25, 2003, signed an order dismissing the motion for lack of
jurisdiction.
          In response to this Court’s February 13, 2003 order and the trial court’s March
25, 2003 order, appellant has filed with this Court a “Motion to Supplement Appellate
Memorandum in Response to the Court’s Order of February 25, 2003" and a
“Supplemental Memorandum in Support of Appellate Relief.” In these documents,
appellant asserts that the trial court has improperly revoked his in forma pauperis
status.
          Although appellant previously filed an affidavit of indigence, pursuant to Texas
Rule of Civil Procedure 145, to proceed in the trial court without payment of costs,
he was required to file a separate post-judgment affidavit of indigence, under Texas
Rule of Appellate Procedure 20.1, to invoke indigency status on appeal. Holt v. F.F.
Enter., 990 S.W.2d 756, 758 (Tex. App.—Amarillo 1998, pet. denied). An affidavit
of indigence must be filed with or before the notice of appeal. Tex. R. App. P.
20.1(c)(1). 
          Appellant’s affidavit of indigence, filed with his first notice of appeal in June
2002, does not apply to his subsequent notice of appeal of the trial court’s October
18, 2002 order. Because appellant did not file a separate post-judgment affidavit of
indigence with or before his notice of appeal of the October 18, 2002 order, he is not
entitled to have the District Clerk and the court reporter prepare the record without
advance payment of their costs.
          Appellant has not complied with this Court’s February 13, 2003 order to,
within 30 days of the date of the order, cure the failure to file the clerk’s record and
reporter’s record due to his nonpayment for their preparation.
          Accordingly, we dismiss appellant’s appeal for want of prosecution. See Tex.
R. App. P. 37.3(b); 42.3(b), ©).
          All pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Hedges, Jennings, and Keyes.