Opinion issued November 6, 2003







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00917-CV
____________

TRACEY GETTY, Appellant

V.

HOUSTON SAVINGS BANK FSB, Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2001-60583




MEMORANDUM OPINION
          On March 27, 2003, we issued an order that stated in part:
On September 16, 2002, appellant’s counsel notified this Court that his
client, Tracey Getty, was filing a Chapter 7 bankruptcy. The notice,
however, does not comply with Tex. R. App. P. 8.1
 
 
Rulings of the Court
(1)Unless within 15 days of the date of this order appellant files a
notice that complies with Tex. R. App. P. 8.1, the appeal will
proceed.
 
Appellant did not file a notice complying with Tex. R. App. P. 8.1. Therefore, the
appeal has proceeded.
          On October 17, 2002 we issued an order that stated as follows:
This Court's records do not affirmatively show that appellant has paid
the appellate filing fee of $125. See Tex. R. App. P. 5; Order Regarding
Fees Charged in Civil Cases in the Supreme Court and the Courts of
Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998); Tex. Gov't
Code Ann. § 51.207(a) (Vernon Supp. 2002). Unless within 15 days of
the date of this order, appellant pays such filing fee to the Clerk of this
Court, the appeal will be dismissed. See Finley v. J.C. Pace Ltd., 4
S.W.3d 319, 321-22 (Tex. App.– Houston [1st Dist.] 1999) (order);
Negrini v. Smith, Nelson & Clement P.C., 998 S.W.2d 362, 363 (Tex.
App.– Houston [1st Dist.] 1999, no pet.).
If appellant believes the appellate filing fee has been paid,
appellant is directed to contact the Clerk of this Court immediately. If
appellant believes appellant is entitled to proceed on appeal without
advance payment of costs under Tex. R. App. P. 20.1, appellant is
directed to immediately file with this Court a file-stamped copy of
appellant's affidavit of indigency or a certified or sworn copy of the
signed order overruling any contest to appellant's affidavit of indigency. 
See Tex. R. App. P. 20.1(a), (c)(1), (f), (I)(4).

          Appellant has not paid the $125 filing fee or demonstrated that he is legally
permitted to proceed on appeal without payment of costs, and the time for doing so
has expired. Accordingly, we dismiss appellant’s appeal for want of prosecution. 
See Tex. R. App. P. 42.3(b)(c).
PER CURIAM
Panel consists of Chief Justice Raddack and Justices Alcala and Higley.