Opinion issued February 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00551–CV




DAN R. BARRY, Appellant

V.

TERESA BARRY, Appellee




On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2004-06225




O P I N I ON

          On February 6, 2004, Teresa Barry, appellee, filed for divorce from Dan Barry,
appellant. Dan did not file a response in time, and a default divorce decree was
entered. On June 1, 2005, Dan filed a notice of restricted appeal.
          In three points of error, Dan argues that (1) he is entitled to a restricted appeal;
(2) the evidence was insufficient to support the relief granted in the divorce decree;
and (3) the division of property was not just and right.
          We reverse and remand.
Background
           On February 6, 2004, Teresa Barry, appellee, filed for divorce from Dan Barry,
appellant. Teresa amended the petition once, but Dan did not respond within the
required time. On December 6, 2004, a hearing was held and a default divorce decree
was entered. Fourteen days later, Dan filed an original answer to Teresa’s petition. 
On June 1, 2005, Dan filed a notice of restricted appeal.
Right to Restricted Appeal
          In his first point of error, Dan argues that he meets the requirements for a
restricted appeal.
          A party filing a restricted appeal must demonstrate the following elements: (1)
appellant appealed within six months after the judgment was rendered; (2) the
appellant was a party to the suit; (3) the appellant did not participate in the hearing
that resulted in the judgment complained of; (4) the appellant did not timely file a
post-judgment motion, request for findings of fact and conclusions of law, or a notice
of appeal within the time permitted by Rule 26.1(c) of the Texas Rules of Appellate
Procedure; and (5) error appears on the face of the record. See Tex. R. App. P. 30;
Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004). Before we can
consider the fifth element in the remaining points of error, we determine whether the
first four elements apply.
          The divorce decree was signed by the trial court on December 6, 2004. Dan
filed a notice of appeal on June 1, 2005—within six months after the judgment was
rendered. The suit involved Teresa bringing an action for divorce against Dan; thus,
he was a party to the suit. Dan was not involved in any actions prior to the hearing
and neither he nor his lawyer were at the hearing.
          Teresa argues that Dan does not satisfy the fourth element required for a
restricted appeal. Fourteen days after the hearing, Dan filed “Respondent Dan
Barry’s Original Answer to Petition for Divorce.” Teresa argues that “this post-judgment ‘answer’ is the substantive equivalent of a ‘post-judgment motion,’ and thus
a restricted appeal is precluded.”
          In determining the nature of an instrument, courts look to its substance, not to
the form of its title or caption. Rush v. Barrios, 56 S.W.3d 88, 93 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied). The prayer for relief in Dan’s filing
asked that Teresa take nothing by her suit and that Dan take all relief requested in the
filing. Teresa argues that Dan’s prayer for relief would require a modification in the
divorce decree, and therefore Dan’s filing must be interpreted as a post-judgment
motion.
          In order to get the judgment set aside, Dan would have had to have filed a
motion for new trial. Tex. R. Civ. P. 320. A motion for new trial must, by its very
nature, seek to set aside an existing judgment and request relitigation of the issues. 
Finley v, J.C. Pace Ltd., 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999,
no pet.). If an instrument does not meet these minimum requirements, it is not a
motion for new trial. Mercer v. Band, 454 S.W.2d 833, 836 (Tex. Civ.
App.—Houston [14th Dist.] 1970, no writ). Dan’s prayer does not meet these
requirements.
          A motion for new trial after a default judgment requires a showing that (1) the
failure of the defendant to answer was not intentional or the result of conscious
indifference; (2) the defendant alleges a meritorious defense; and (3) the motion for
new trial is filed at a time when its granting will not cause delay or otherwise work
injury to the plaintiff. Vannerson v. Vannerson, 857 S.W.2d 659, 663 (Tex.
App.—Houston [1st Dist.] 1993, writ denied) (citing Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939)). The body of Dan’s filing consists of only
a general denial and a request for attorney’s fees.
          We hold that Dan’s untimely filing of an answer to Teresa’s petition does not
change the nature of the instrument into a post-judgment motion. We further hold
that Dan satisfies the first four requirements of a restricted appeal.
Insufficient Evidence
          In his second point of error, Dan argues the evidence was insufficient to
support the relief granted in the divorce decree.
A.      Standard of Review
          In reviewing a no-evidence point of error, we consider only the evidence and
inferences tending to support the trial court’s finding and disregard all contrary
evidence and inferences; anything more than a scintilla of evidence is legally
sufficient to support the finding. Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706,
709 (Tex. 2003). When we review factual sufficiency, we conduct a neutral review
of all the evidence. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We will reverse
for factual insufficiency only if the ruling is so against the great weight and
preponderance of the evidence as to be manifestly erroneous or unjust. Nelson v.
Najm, 127 S.W.3d 170, 174 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).
B.      Analysis
          Dan challenges the proof necessary (1) to establish the statutory residence and
domicile requirements and (2) to support the division of property, the creation of
medical obligations for an adult child, and the assessment of attorney’s fees.
          1.       Residence and Domicile Requirements
          Dan argues that there is insufficient evidence to meet the requirements of Rule
6.301 of the Texas Family Code. Rule 6.301 requires that, before a suit for divorce
can be filed in any particular county, one of the parties must have been a domiciliary
of Texas for the preceding six months and a resident of the county for the preceding
90 days. Tex. Fam. Code Ann. § 6.301 (Vernon 1998).
          At trial, Teresa testified that Dan had lived in Texas at least six months and in
Harris county at least 90 days. This is some evidence that Rule 6.301 has been
satisfied. There is no contrary evidence. We hold that there is no error on the face
of the record and that the evidence was legally and factually sufficient to meet the
statutory requirements.
          2.       Division of Property, Medical Obligations, and Attorney’s Fees
          Dan argues that the evidence was insufficient to support the division of
property, the establishment of Dan’s obligation to provide medical support for his
adult child, and the assessment of attorney’s fees. Teresa concedes error for each of
these points, and we agree.
          “In a suit for divorce, the petition may not be taken as confessed if the
respondent does not file an answer.” Tex. Fam. Code Ann. § 6.701 (Vernon 1998). 
Teresa was obligated to present evidence at trial of the material allegations in her
petition. Agraz v. Carnley, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.).
As to the division of property, the testimony at trial only showed that she requested
the division of property as it was given, without testifying as to how this was a just
and right division. This was insufficient. Wilson v. Wilson, 132 S.W.3d 533, 538
(Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that “[g]iven the dearth of
evidence identifying, describing, and valuing the community estate . . . there is
insufficient evidence to support the division of assets”). The same is true for the
establishment of Dan’s medical obligations for the adult child.
          A party does not have a statutory right to attorneys’ fees in a divorce case
which does not involve a child custody determination. Beard v. Beard, 49 S.W.3d 40,
64 (Tex. App.—Waco 2001, pet. denied). Assessment of attorneys fees may be a part
of the just and right division of property. Sandone v. Miller-Sandone, 116 S.W.3d
204, 208 (Tex. App.—El Paso 2003, no pet.). Because we reverse the division of
property and because the evidence supporting attorney’s fees was insufficient, we
include assessment of attorney’s fees in the portion of the judgment to be reversed.
          We sustain Dan’s second point of error. Because Dan’s third point of error
would not provide greater relief than what we currently grant, we need not address
that point of error.
Motions Carried with Case
          This Court carried two of Teresa’s motions with this case. The first asked this
court to dismiss for lack of jurisdiction. The arguments in this motion matched the
arguments discussed and ruled on above in appellant’s first point of error. We
therefore deny this motion as moot. The other motion, supplemented and then
amended, asked the court to dismiss the case because of Dan’s failure to attend a
mediation that the parties agreed to attend. We deny the motion.
Conclusion
          We reverse the judgment of the trial court and remand for a redivision of the
marital estate, including the establishment of the medical obligations for the adult
child and apportionment of attorneys’ fees. The motions carried with the case are
denied.
 

                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.