**Opinion issued July 2, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-00769-CV**

————————————

**JENNIFER LEE CUELLAR, Appellant**

**V.**

**ROCKY WAYNE NEISSER, SR. & KIMBERLY ANN NEISSER, Appellees**

---

**On Appeal from the 387th Judicial District Court**
**Fort Bend, Texas**
**Trial Court Cause No. 13-DCV-203,577**

---

**MEMORANDUM OPINION**

In this accelerated appeal,[1] appellant, Jennifer Lee Cuellar, challenges the trial court's judgment terminating her parental rights to her biological child and

---

[1]  *See* TEX. FAM. CODE ANN. § 109.002 (Vernon 2014).

granting the request of appellees, Rocky Wayne Neisser Sr. and Kimberly Ann Neisser, to adopt the child.[2] In one issue, Cuellar contends that the trial court erred in denying her motion to transfer venue of the case from Fort Bend County to Harris County.

We affirm.

## Background

The Neissers filed their Amended Petition Seeking Termination and Adoption of Cuellar's biological child in Fort Bend County, asserting that no court had continuing jurisdiction of their suit and they had actual care, control, and possession of the child for the six months prior to filing suit. On the same day that Cuellar filed her answer, she filed a Request for a De Novo Hearing, questioning whether venue was proper in Fort Bend County. Cuellar subsequently filed a Supplemental Motion to Transfer Venue, asserting that venue was proper in Harris County. She asserted that the trial court should transfer venue of the lawsuit to Victoria County in the interest of justice and for the convenience of the parties and witnesses.

---

[2] *See id.* § 162.001(b) (Vernon 2014).

The day after a hearing,[3] the trial court signed an order denying Cuellar's motion to transfer venue. And, after a bench trial, the trial court terminated Cuellar's parental rights and granted the request for adoption. The trial court subsequently entered findings of fact and conclusions of law, but they do not address the issue of venue.

## Motion to Transfer Venue

In her sole issue, Cuellar argues that the trial court erred in denying her motion to transfer venue from Fort Bend County to Harris County "because venue was improper in Fort Bend County but proper in Harris County." In response, the Neissers argue that Cuellar waived the issue because she did not timely file her motion to transfer venue.

"If venue of a suit is improper in the court in which the original suit is filed and no other court has continuing, exclusive jurisdiction of the suit," the trial court must transfer the suit to a county of proper venue "on the timely motion of a party other than the petitioner." TEX. FAM. CODE ANN. § 103.002(a) (Vernon 2014). And the procedures in Chapter 155 of the Family Code apply to a transfer of an original suit filed under section 103.002. *See id*. § 103.002(c)(1) (Vernon 2014). Specifically, "[a] motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or

---

[3] Although Cuellar asserts that the trial court held a hearing on June 24, 2013, the record does not include a reporter's record of the hearing.

notice of the suit or before the commencement of the hearing, whichever is sooner." *Id.* § 155.204(b) (Vernon 2014). Neither party disputes that Cuellar was "another party" for the purpose of computing the time requirements of section 155.204(b). "If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court." *Id.* § 155.204(c) (Vernon 2014). Only evidence pertaining to the transfer may be taken at the hearing. *Id.* § 155.204(f) (Vernon 2014). "If the court finds after the hearing on the motion to transfer that grounds for the transfer exist, the proceeding shall be transferred to the proper court not later than the 21st day after the date the hearing is concluded." *Id.* § 155.204(g) (Vernon 2014).

The record reflects that Cuellar was served with citation on February 4, 2013, and therefore she had to file her motion to transfer venue by February 25, 2013. On February 7, 2013, Cuellar filed a Request for De Novo Hearing, asking for a hearing. *See* TEX. FAM. CODE ANN. § 201.015 (Vernon 2014).[4]

---

[4]    Section 201.015 entitled, "De Novo Hearing Before Referring Court," provides,

> (a)    A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request no later than the third working day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.011.

The Neissers argue that because Cuellar's Request for a De Novo Hearing cannot be construed as a motion to transfer venue, she failed to timely file a motion to transfer and has, therefore, waived the issue. In response, Cuellar asserts that her Request for De Novo Hearing meets the requirements of a motion to transfer venue.

In regard to whether Cuellar's Request for De Novo Hearing can properly be construed as a motion to transfer venue, we look to the substance of the request to determine the relief sought, not merely to its title. *Surgitek, Bristol Meyers, Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999). The effect of a motion depends on the nature of the instrument, and we look to an instrument's substance rather than its form. *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The substance of a motion is not determined solely from its caption or introduction, but instead is gleaned from the body of the motion and the prayer for relief. *Id.*

In her Request for De Novo Hearing, filed after an associate judge had issued temporary orders in the case, Cuellar asked for a hearing on six issues:

> (1) Whether Respondent should have been defaulted as she had been served only two days prior to the date of the hearing and no return of service was even on file.

---

TEX. FAM. CODE ANN. § 201.015 (Vernon 2014).

(2) Whether Petitioners have standing to assert any claim in this case as their possession of the child was illegal and involuntary since the end of the CPS case.

(3) Whether venue is proper in this county as the petition on file states the child lives in Harris County and Respondent lives in Victoria County.

(4) Whether Petitioners should be named sole managing conservators as they have continuously violated Respondent's requests to return the child the subject of this suit to her possession.

(5) Whether Respondent should be named sole managing conservator of the child, or in the alternative, possessory conservator.

(6) Whether Respondent should have the exclusive right to possession of the child, or in the alternative, periods of possession that comply with those in a Standard Possession Order.

Cuellar asserted that the Court "should reform the order recommended by the Associate Judge and grant all relief requested in Respondent's prior pleadings." And she prayed that the court "set a de novo hearing on this matter within thirty days after the filing of this request."[5]

Noticeably absent from Cuellar's Request for De Novo Hearing is an actual request to transfer venue of the lawsuit. Rather, she simply questioned whether venue was proper in Fort Bend County. Although Cuellar asked that the associate judge's order be reformed and give "all relief requested in [her] prior pleadings,"

---

[5] We have no record of this hearing and the parties do not refer to it.

she, in her prior pleadings, had never asked for a transfer of venue. Because Cuellar, in her Request for a De Novo Hearing, did not actually request a transfer of venue, we conclude that it cannot be construed as a motion to transfer venue.

In support of her argument that her Request for De Novo Hearing was actually a motion to transfer venue, Cuellar relies on *Renzenberger, Inc. v. O'Bryant*. No. 13–05–00090–CV, 2005 WL 1361620 (Tex. App.—Corpus Christi June 9, 2005, no pet.) (mem. op.). In *Renzenberger*, the court addressed whether the appellants had waived their right to challenge venue by making their specific argument in a reply brief instead of amending their original motion to transfer venue. *Id.* at \*4. The court concluded that the appellants, in their reply brief, specifically requested that the lawsuit be transferred, and it noted that although the parties' pleading had been entitled "reply" rather than as an amended motion to transfer, the substance of the reply was clear. *Id.* Here, unlike in *Renzenberger*, the substance of Cuellar's Request for De Novo Hearing covered six issues, and she did not specifically request a transfer of venue.

Alternatively, Cuellar argues that even if her Request for De Novo Hearing was not actually a motion to transfer venue, her subsequently filed Respondent's Supplemental Motion to Transfer Venue cured any possible defects because not only did it request a transfer to Victoria County based on the convenience of the

7

parties and witnesses, it also requested a transfer to Harris County based on it being the proper county for venue.

In her supplemental motion, filed on March 1, 2013, Cuellar did assert that venue was improper in Fort Bend County, the child and the Neissers resided in Harris County, and Harris County was a county of proper venue. She further stated,

> [f]or the convenience of the parties and witnesses and in the interests of justice, the Court is requested to transfer this proceeding to a proper court in Victoria County, Texas, for the following reasons: the child was born and lived in Victoria County until being removed from that county to reside full-time in another county without respondent's permission; the respondent and the interveners reside in Victoria County; all witnesses and documentary evidence related to the grounds alleged for termination except petitioners reside in Victoria County; and, petitioners reside in Harris County, the only person associated with this case that is affiliated with Fort Bend County is the amicus attorney who was appointed by the court.

In support of her argument that her supplemental motion cured any defects in her Request for De Novo Hearing, Cuellar relies on *In re Pepsico*, 87 S.W.3d 787 (Tex. App.—Texarkana 2002, orig. proceeding). In *Pepsico*, the court held that "*an original timely motion to transfer venue* may be amended to cure defects in the original motion if the amended motion is filed before the trial court rules on the original motion, and that the properly filed amended motion relates back to and supersedes the original motion to transfer venue." *Id*. at 794 (emphasis added). However, having previously held that Cuellar's Request for De Novo Hearing

cannot be construed as a motion to transfer venue, the reasoning of *Pepsico* is not applicable here. Although Cuellar's Supplemental Motion to Transfer Venue does include an actual request to transfer venue, she untimely filed it on March 1, 2013. *See* TEX. FAM. CODE ANN. § 155.204(b) (requiring another party to file motion to transfer venue on or before first Monday after 20th day after date of service of citation).

Accordingly, because Cuellar did not timely file a motion to transfer venue, we hold that she waived her objections to venue.

We overrule Cuellar's sole issue.

## Conclusion

We affirm the judgment of the trial court.



Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Huddle.