**Opinion issued December 22, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00095-CV

———————————

**LAWRENCE EALY, Appellant**

**V.**

**EVC ENGAGE, LLC, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-09144**

---

## O P I N I O N

Appellant Lawrence Ealy filed a restricted appeal in response to the trial court's grant of summary judgment in favor of Appellee EVC Engage, LLC (EVC) on its claim for specific performance for Ealy's breach of contract for the sale of real property. In a single issue on appeal, Ealy contends there is error on the face of the

record because the evidence is legally and factually insufficient to support the trial court's summary judgment. EVC disagrees, but it also contends that this Court lacks jurisdiction over Ealy's restricted appeal because he filed a timely post-judgment motion in the trial court.

We hold that Ealy timely filed a post-judgment motion, and therefore, failed to satisfy one of the jurisdictional requirements for a restricted appeal. Accordingly, we lack jurisdiction to consider his restricted appeal and dismiss the appeal for want of jurisdiction.

## Background

Ealy entered a One to Four Family Residential Contract (the Contract) with EVC, with an effective date of September 30, 2019. In the Contract, Ealy agreed to sell the real property located at 3422 Francis Street, Houston, Texas 77004 (the Property) for $250,000 to EVC. The Contract provided for payment of $150,000 in cash at closing, with the remainder of the purchase price, $100,000, to be paid through seller financing according to the terms of the "attached Seller Financing Addendum."

After Ealy failed to follow through on the sale of the Property, EVC filed suit against Ealy for breach of contract. A month later, EVC filed its first amended petition. Ealy filed an answer generally denying EVC's allegations. EVC then moved for summary judgment arguing that under Paragraph 15 of the Contract, Ealy

2

defaulted because he failed to close on the sale. EVC claimed that Ealy refused to allow it to inspect the Property and informed EVC that he no longer intended to close or sell the Property to EVC. On the other hand, EVC complied with its contract obligations by paying an earnest money deposit of $2,500 and being ready, willing, and able to tender the purchase price agreed to under the Contract. EVC contended it did not breach the Contract and claimed it was entitled to specific performance and attorney's fees under Paragraphs 15 and 17 of the Contract. EVC served Ealy with requests for admission but received no response. Despite receiving proper notice of the motion for summary judgment, Ealy did not file a response. On August 29, 2020, the trial court granted EVC's motion for summary judgment, ordering specific performance of the Contract and awarding EVC attorney's fees and costs.

In September 2020, Ealy mailed, via the United States Postal Service, a letter addressed to Judge Steven Kirkland, the presiding judge of the trial court, explaining that he had been incarcerated from May 27, 2020 to August 10, 2020, and was not able to represent himself or receive any mail during this time. In his letter, dated September 9 and file stamped by the district clerk on September 17, Ealy stated, "it is my request to have another judgment of summary that I may be present to represent myself." He also included proof of his release documents and incarceration from those dates. Ealy claimed that he did not receive any money for the property or sign a contract for the sale of the property, and he asserted that the real estate agent

3

lied about the condition of the property and "must have taken matters into her own hands." Ealy concluded his letter with a request that the trial court "grant me another court appearance that I may defend myself." The trial court did not rule on Ealy's request in his letter. On February 22, 2021, Ealy filed a notice of restricted appeal.[1]

## Restricted Appeal

A notice of appeal is generally due within thirty days after a final judgment is signed. TEX. R. APP. P. 26.1. However, a party may obtain relief via a restricted appeal if it meets the following requirements: (1) the appellant filed a notice of the restricted appeal within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the complained of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three elements are considered jurisdictional and must be determined before moving to the fourth. *Ex*

---

[1] After Ealy filed his appellant's brief and before EVC's appellee's brief was due, EVC moved to dismiss Ealy's restricted appeal. This Court concluded that Ealy's letter to Judge Kirkland was not properly filed as a post-judgment motion because no filing fees were paid and, accordingly, denied EVC's motion to dismiss and ordered EVC to file its appellee's brief. In EVC's brief, it again challenged this Court's jurisdiction on the basis that Ealy timely filed a post-judgment motion. Upon further review of the jurisdictional issues and additional briefing of the parties, as detailed below, we conclude that Ealy's letter was a timely filed post-judgment motion, and therefore, we do not have jurisdiction to consider his restricted appeal.

*parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). The fourth element is not considered jurisdictional because it requires courts to analyze the merits of the appeal. *Id.* A court should first inquire about its jurisdiction over an appeal before analyzing its merits. *Id.* In our case, there is no dispute between the parties over the first two elements of a restricted appeal. The parties dispute, however, whether Ealy timely filed a post-judgment motion (element three) and whether there is error on the face of the record (element four). Because element three implicates jurisdiction, we consider it first.

## A.    Appellant's September 17th Letter was a timely filed post-judgment motion.

Although not raised by Ealy, EVC in its appellate brief argues this Court lacks jurisdiction because Ealy's letter to Judge Kirkland constituted a timely filed post-judgment motion. Ealy argues we have jurisdiction because his letter was not a post-judgment motion and, even if it was, it was not timely filed with the clerk because no filing fee was paid. We agree with EVC.

There is no dispute as to whether Ealy participated in the hearing that resulted in the complained-of judgment or requested findings of fact and conclusions of law. The issue at hand is whether Ealy filed a timely post-judgment motion. Under the third element for a restricted appeal, a party may not file a notice for restricted appeal if it timely filed any post-judgment motions. TEX. R. APP. P. 30. Thus, we consider

5

two questions. First, whether Ealy's letter constitutes a post-judgment motion. And, second, if so, whether it was timely filed.

To determine whether a party filed a post-judgment motion, courts look to the substance of the document rather than its title or caption. *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Substance is not determined solely from a caption or introduction. *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Instead, substance is gleaned from the body of the instrument and the prayer for relief. *Id.* Texas Rule of Civil Procedure 320 allows a party to file a motion for new trial and request that the judgment be set aside for good cause, provided that the motion is in writing and signed by the party or his attorney. TEX. R. CIV. P. 320. A motion for new trial must, by its very nature, seek to set aside an existing judgment and request relitigation of the issues. *Barry*, 193 S.W.3d at 74 (citing *Finley*, 4 S.W.3d at 320). If an instrument does not meet these minimum requirements, it is not a motion for new trial. *Id.* (citing *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ)).

Ealy's letter, though not captioned as a post-judgment motion or motion for new trial, effectively requested that the court set aside the summary judgment granted in favor of EVC. He requested "another judgment of summary" so that he could be "present to represent" himself, and specifically requested that the court "grant [him] another court appearance" so he could defend himself. He also

6

substantively challenged the trial court's summary judgment in that he claimed he never signed the contract or received any money for the property. By including these substantive challenges and requesting another court appearance to defend himself, Ealy's letter, though not in explicit terms, in essence asked the court to set aside the summary judgment and allow him to relitigate the issues. Substantively, therefore, we hold that his letter qualifies as a motion for new trial. *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 716 (Tex. App.—Dallas 2011, pet. denied) (holding motion was motion for new trial because it "expressly sought to relitigate some of the issues in the case" and, even though motion did not explicitly request judge set aside final judgment, relief that was requested "necessarily implied a request that the existing judgment be vacated at least in part and a new final judgment eventually signed"); *Finley*, 4 S.W.3d at 320 (holding motion for rehearing requesting that trial court "grant a rehearing" and "deny defendants' motion for summary judgment" would be considered request for new trial because it "sought to set aside the existing judgment for the purpose of litigating the issues" and "[i]f the trial court granted the motion, a trial would have resulted"); *Taylor v. Trans–Cont'l Props., Ltd.*, 739 S.W.2d 873, 876–77 (Tex. App.—Tyler 1987, no writ) (construing motion as motion for new trial based on its substance, even though it did not expressly request trial court to set aside its judgment or grant new trial); *English v. Fischer*, 632 S.W.2d 163, 164 (Tex. App.—Corpus Christi 1982, no writ) (treating

7

motion as motion for new trial despite "the formal omission of an explicit prayer for a new trial"); *cf. Barry*, 193 S.W.3d at 74 (holding answer filed after divorce decree was entered, which consisted of general denial, request for attorney's fees, and prayer that plaintiff take nothing, did not meet minimum requirements for motion for new trial because it did not "seek to set aside an existing judgment and request relitigation of the issues").

Having concluded that Ealy's letter was a post-judgment motion for new trial, we next consider whether it was timely filed. If so, we do not have jurisdiction to consider his restricted appeal. *See* TEX. R. APP. P. 30 ("A party . . . who did not timely file a postjudgment motion . . . may file a notice of appeal within the time permitted by Rule 26.1(c)."). Here, there is no dispute that if the letter is considered a motion for new trial (as we have found it is), it was timely filed. A motion for new trial must be filed within thirty days of the judgment or order complained of is signed. TEX. R. CIV. P. 329b(a). If it is timely filed, a motion for new trial extends the deadline to file a notice of appeal by ninety days. *See* TEX. R. APP. P. 26.1(a)(1). The trial court's order granting summary judgment for EVC was signed on August 29. Ealy's letter—which we construe as a motion for new trial—was filed on September 17, well within the thirty-day time period set by Rule 329b. Thus, the motion was timely filed. However, this does not end our inquiry. The parties dispute

8

whether the letter was properly "filed" on September 17 because Ealy never paid the requisite filing fee.

On at least two occasions, the Texas Supreme Court has considered the question of what constitutes "filing" a motion for new trial for purposes of calculating the appellate timetable. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Jamar v. Patterson*, 868 S.W.2d 318, 318 (Tex. 1993). In *Jamar*, the appellant filed a motion for new trial within thirty days of the judgment, but he did not pay the $15.00 statutory filing fee at the time of filing. *Id.* The district clerk did not accept the motion for filing at the time it was tendered to the clerk because the filing fee had not been paid, only file-stamping the motion once the $15.00 filing fee was received over two weeks later. *Id.* At issue on appeal was what constitutes "filing" for purposes of calculating the appellate timetable. *Id.* The Texas Supreme Court, acknowledging its previous "long line of cases," held "that a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk." *Id.* at 319. Therefore, the Court held that the motion for new trial was *conditionally* filed when the motion was tendered to the trial court clerk and that date controlled for purposes of starting the appellate timetable. *Id.* The Court recognized, however, that the filing was not "completed" until the date that the filing fee was paid. *Id.* The Court also noted that "absent emergency or other rare

circumstances," the court should not consider the motion for new trial before payment of the filing fee. *Id.* n.3.

In a more recent case, the Texas Supreme Court extended its holding in *Jamar* to cases, like here, where a filing fee was never paid. In *Garza*, Garcia filed a motion for new trial within the thirty-day time period after judgment, but she never paid the requisite filing fee. 137 S.W.3d at 37. Garcia filed her notice of appeal eighty-four days after judgment, which was timely if her motion extended the appellate deadlines, but too late if it did not. *Id.* The Court held that a motion for new trial is "'conditionally filed' if tendered without the requisite fee, and appellate deadlines run from and are extended by that date." *Id.*

> [A] motion for new trial tendered without the necessary filing fee is nonetheless *conditionally filed* when it is presented to the clerk, and that date controls for purposes of the appellate timetable. . . . [T]he failure to pay the fee before the motion is overruled by operation of law may forfeit altogether the movant's opportunity to have the trial court consider the motion; it does not, however, retroactively invalidate the conditional filing for purposes of the appellate timetable.

*Id.* at 37–38 (quoting *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 83–84 (Tex. 1996) (emphasis in original)). The Court explained, however, that filing fees are not "irrelevant" and reiterated its prior holding in *Jamar* that "'absent emergency or other rare circumstances' a motion for new trial should not be considered until the filing fee is paid." *Id.* at 38 (quoting *Jamar*, 868 S.W.2d at 319 n.3). Because Garcia did not pay the filing fee, the trial court was not required to review her factual

10

sufficiency complaint raised in her motion for new trial. *Id.* at 38. The Court reasoned that because the filing fee was never paid, her complaint was not properly made to the trial court and was not preserved for appellate review. *Id.*

In this case, Ealy mailed a letter to the trial court, which the district clerk file-stamped on September 17, but he never paid the filing fee. *Garza* and *Jamar* instruct that even though Ealy never paid a filing fee, his motion was considered conditionally filed at the time he tendered it to the clerk, i.e., September 17, and that date triggered the appellate timetable. That meant because he timely filed his letter (which we construe as a motion for new trial), his deadline to appeal the summary judgment order was extended by ninety days, or until November 24, 2020. TEX. R. APP. P. 26.1(a)(1). Ealy did not file a notice of appeal. Instead, he filed a notice of restricted appeal on February 22, 2021. Because Ealy timely filed a post-judgment motion, we do not have jurisdiction to hear his appeal as a restricted appeal. TEX. R. APP. P. 30.

We acknowledge the language from both *Jamar* and *Garza* directing trial courts not to consider motions for new trial unless or until a filing fee is paid. *See Garza*, 137 S.W.3d at 38 ("We have held that 'absent emergency or other rare circumstances' a motion for new trial should not be considered until the filing fee is paid. Here, Garcia's factual sufficiency complaint had to be raised in a motion for new trial, but because she never paid the $15 fee, the trial court was not required to

11

review it. As her complaint was never properly made to the trial court, it preserved nothing for review[.]" (quoting *Jamar*, 868 S.W.2d at 319 n.3)); *Jamar*, 868 S.W.2d at 319 n.3 ("The filing is not completed until the fee is paid, and absent emergency or other rare circumstances, the court should not consider [the motion for new trial] before then."). Under this guidance, Ealy's motion for new trial was not "completed" because he never paid the filing fee, and the trial court was not required to consider the arguments raised in that motion. However, we consider this to be an issue related to whether the substantive arguments were properly before the trial court, and therefore, whether they were properly preserved for appellate review. In our view, this is an issue separate from whether a motion is considered timely "filed" for purposes of a restricted appeal.

In sum, we hold that Ealy's letter filed in the trial court on September 17 was a timely-filed motion for new trial, and therefore, we do not have jurisdiction to consider his restricted appeal. TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 497.

### Conclusion

We dismiss this appeal for want of jurisdiction.


Amparo Guerra
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.

12