

## NUMBER 13-25-00349-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**ELLA KLEINSMITH BAKKEN AND
JAMES S. BAKKEN,**                                   **Appellants,**

**v.**

**AMANDA JEAN GRANT,**                                        **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron
Memorandum Opinion Per Curiam**

This cause is before the Court on its own motion. On July 7, 2025, appellants Ella Kleinsmith Bakken and James S. Bakken filed a notice of restricted appeal in this cause,

attempting to appeal the trial court's final summary judgment. We dismiss the restricted appeal for lack of jurisdiction.

## I.    BACKGROUND

On September 17, 2025, the Clerk of the Court notified appellants that upon further review of the documents before the Court, it appeared we lacked jurisdiction over the appeal. The Clerk also notified appellants that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of the Court's directive. *See* TEX. R. APP. P. 42.3.(a), (c). Appellants filed a response to our notice on September 19, 2025.

No party asserts that this Court lacks appellate jurisdiction. However, we must review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Thus, we address whether we have appellate jurisdiction to review the trial court's final summary judgment.

## II.    RESTRICTED APPEAL

A notice of appeal is generally due within thirty days after a final judgment is signed. TEX. R. APP. P. 26.1. However, a party may obtain relief via a restricted appeal if it meets the following requirements: (1) the appellant filed a notice of the restricted appeal within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the complained of judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.* 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The

2

first three elements are considered jurisdictional and must be determined before moving to the fourth. *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). The fourth element is not considered jurisdictional because it requires courts to analyze the merits of the appeal. *Id.* A court should first inquire about its jurisdiction over an appeal before analyzing its merits. *Id.*

Our concern over our appellate jurisdiction in this case principally concerns the third element. The record indicates that appellants did not participate in the hearing that resulted in the complained-of judgment or requested findings of fact and conclusions of law. Under the third element for a restricted appeal, a party may not file a notice for restricted appeal if it timely filed any postjudgment motions. *See* TEX. R. APP. P. 30.

The record demonstrates that the complained-of judgment was entered on February 24, 2025. In a letter filed on March 18, 2025, Ella, acting pro se, requested the trial court for "removal of any judgment recorded against my property in connection with th[e] case, as it is unjustly based on fraudulent claims." Ella further stated, "I respectfully ask the court to dismiss this case in its entirety, clear my name, and remove any recorded judgments against my property." On April 8, 2025, appellants' counsel filed an untimely motion for new trial. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.").

To determine whether a party filed a postjudgment motion, courts look to the substance of the document rather than its title or caption. *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Texas Rule of Civil Procedure 320

allows a party to file a motion for new trial and request that the judgment be set aside for good cause, provided that the motion is in writing and signed by the party or his attorney. TEX. R. CIV. P. 320. A motion for new trial must, by its very nature, seek to set aside an existing judgment and request relitigation of the issues. *Barry*, 193 S.W.3d at 74 (citing *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). If an instrument does not meet these minimum requirements, it is not a motion for new trial. *Id.* (citing *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ)).

Here, Ella's pro se letter, though not captioned as a postjudgment or a motion for new trial, effectively requested the trial court to set aside the judgment granted in favor of appellee. Ella substantively challenged the judgment in that she claimed the judgment was "unjustly based on fraudulent claims," and requested that the trial court remove "any judgment recorded against [her] property in connection with th[e] case." Ella also requested that the trial court dismiss the case. We conclude that Ella's letter, though not in explicit terms, in essence asked the trial court to set aside the judgment and allow her to relitigate the issues. *See id.* Thus, we conclude that Ella's letter qualifies as a motion for new trial. *See Ealy v. EVC Engage, LLC*, 679 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (concluding that Ealy's letter to the trial judge constituted a postjudgment motion for new trial because it effectively requested that the court set aside the summary judgment in favor of the appellee and allow Ealy to relitigate the issues); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 716 (Tex. App.—Dallas 2011, pet. denied) (holding motion was motion for new trial because it "expressly sought

4

to relitigate some of the issues in the case" and, even though motion did not explicitly request judge set aside final judgment, relief that was requested "necessarily implied a request that the existing judgment be vacated at least in part and a new final judgment eventually signed").

Having concluded that Ella's letter is a postjudgment motion for new trial, we next consider whether it was timely filed. If so, we do not have jurisdiction to consider her restricted appeal. *See* TEX. R. APP. P. 30 ("A party . . . who did not timely file a postjudgment motion . . . may file a notice of appeal within the time permitted by Rule 26.1(c)."). A motion for new trial must be filed within thirty days of the judgment or order complained of is signed. TEX. R. CIV. P. 329b(a). The trial court's final summary judgment was signed on February 24. Ella's letter—which we construe as a motion for new trial— was filed on March 18, well within the thirty-day time period set by Rule 329b. *See id.* Thus, Ella's motion for new trial was timely filed.

Because Ella timely filed a postjudgment motion, we lack jurisdiction to consider her restricted appeal from the trial court's summary judgment. *See* TEX R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 497. Accordingly, we dismiss the restricted appeal for want of jurisdiction.[1]

PER CURIAM

Delivered and filed on the
16th day of October, 2025.

---

[1] Any pending motions are dismissed as moot.

5